### RICHARD NORRIS vs. TIMOTHY SULLIVAN AND WIFE.

An alias execution issued on the 29th of July was by mistake of the clerk dated June 10th, and was made returnable within sixty days. Within sixty days after it was issued, but not within sixty days from its date, it was levied on real estate, which was set off upon it. Held that the levy was valid under a statute which provides that if any officer shall have levied an execution and by mistake or inadvertance the same shall not have been completed until after the lawful return day, the levy shall be valid.

The levy was made in 1876. The statute was passed in 1878. Held that the language used in it—"shall have levied"—made it applicable to levies already made as well as to later ones, and that, there being other things in the statute favoring such a construction, it should be so applied.

A tenant in common is ousted by a co-tenant when the latter will not suffer him to enter and occupy.

In such a case he can maintain ejectment against the co-tenant.

A judgment in ejectment was rendered against S and his wife. The defendants filed a motion in error, and while it was pending S died. Held not to affect the case.

EJECTMENT; brought to the City Court of the city of Hartford, and tried to the court before *Bennett, J.* Facts found and judgment rendered for the plaintiff, and motion in error by the defendants. The case is fully stated in the opinion.

*R. McCloud*, with whom was *C. J. Cole*, for the plaintiffs in error.

*T. McManus*, for the defendant in error.

PARDEE, J. On January 26th, 1871, Michael Finnegan conveyed a piece of land to Timothy Sullivan. On November 26th, 1875, Sullivan gave his promissory note to the plaintiff for $419.62, payable four months from date. On December 8th, 1875, Sullivan conveyed the above mentioned land to Patrick Shea, and on December 27th, 1875, the latter conveyed it to Bridget, wife of Timothy Sullivan, subject to a mortgage for $500. On March 30th, 1876, the plaintiff, by way of security for the payment of the above mentioned note, attached the land as the property of Timothy Sullivan upon a writ returnable to the May term of the City Court of Hartford; at the June term of the court he recovered judgment against Sullivan for $519.40 damages and costs taxed at $18.86. Execu-

tion issued on June 10th, 1876, and was returned wholly unsatisfied on the 29th day of July following. On the same day an alias execution issued, returnable within sixty days next following, which by a clerical error bore date as of June 10th, 1876. Upon and in full satisfaction of this on September 5th, 1876, there was set off to Norris such proportion of the equity of redemption in the land attached as his judgment bore to $1,200. Thereupon he demanded of Timothy and Bridget Sullivan possession of that portion of the land thus set to him; both refused to accede to his demand and both barred his entry into possession. He then instituted this action of ejectment against both, upon which he recovered judgment at the June term of the City Court in 1879. The defendants filed a motion in error, assigning errors as follows: "1st. That Bridget Sullivan, having paid the consideration for the premises described in the plaintiff's declaration, at the time of the purchase, and inadvertently permitted it to be deeded to Timothy Sullivan, her husband, and afterwards the premises having been deeded to her by Shea for a valuable consideration, held both the legal and equitable title at the time of the attachment and of the proceedings under the execution, and the premises could not have been taken to pay a judgment against Timothy Sullivan, and that there was a good and valuable consideration between the husband and wife to support the conveyance to her. 2d. That the levy of the execution and all proceedings upon it were void, as the time of the return of the execution had expired before the commencement of the levy. 3d. That there was no such actual ouster as would warrant an action of ejectment by one tenant in common against a co-tenant.

No one of the assumed facts of the first assignment of error is found in the record; on the contrary it is found that the deeds from Timothy Sullivan to Shea and from the latter to Mrs. Sullivan were respectively made and received by the defendants with the fraudulent design to prevent the plaintiff from recovering a just debt, and to delay, deceive and defraud him; that Sullivan held the property in his own right upon the day of the attachment; and that by the levy of his execu-

tion the plaintiff acquired an interest as tenant in common therein, of which he was at the commencement of this suit entitled to possession. The second assignment is deprived of force by the statute (Acts of 1878, chap. 20,) which provides that "whenever any proper officer shall have levied an execution on real or personal estate, and shall have made return thereof to the proper court, and by mistake or inadvertence the same shall not have been made and completed until after the lawful return day; and whenever any collector of public taxes shall have levied a lawful warrant for the collection of the same upon any property, real or personal, and for any cause shall have adjourned the sale of real or personal estate so levied upon, such levies of execution or warrant shall not for such reason be held invalid, but shall be good and effectual to all intents and purposes, as if the same had been levied in the time and manner provided by statute."

This language is sufficiently broad to include the case before us, for without doubt the fact that the mistake of the clerk in abbreviating the term of life assigned by law to the execution remained for a time undiscovered and delayed the levy, made it a delay by inadvertence. The words "shall have levied" are susceptible of both past and future application; they furnish a convenient form for legislative use when it is desired to give all-inclusive force to a single expression. Therefore as they may mean future, or past and future, it becomes a question of legislative intent in each statute. Of that intent there can be no doubt in this case. The second section of the act excepts from its operation a class of past errors; from this there must be an implication of intent to affect all others.

The third assignment of error is without foundation. The allegation in the declaration is that the plaintiff was well siezed and in possession of a certain piece of land in his own right in fee simple, and that on the day named the defendants without law or right entered thereon and ejected and by force continued to keep him from it; there is a general denial; the issue is found for the plaintiff; the judgment is that he recover possession of his right, title and interest as tenant in

common in the land specifically described in the declaration. Presumptively an actual ouster was proven; and that may be by not suffering him to occupy; and in such a case one tenant in common may maintain ejectment against his co-tenant.

The death of Timothy Sullivan, one of the defendants, since the rendition of the judgment, is suggested upon the brief, and for that reason an abatement of the suit is asked for in behalf of the survivor.

But this is a motion in error; there was nothing erroneous in the judgment when rendered; it has not been invalidated by any cause appearing of record; therefore it must stand. The execution will not operate upon a defendant who from any cause has ceased to obstruct the plaintiff's entry upon his land; but it will eject a defendant who continues so to do.

There is no error in the judgment.

In this opinion the other judges concurred.