[Civ. No. 6456. First Appellate District, Division Two.—December 24, 1928.]

JOSEPH F. McCARTHY, Respondent, v. CIVIL SERVICE COMMISSION OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Appellants.

John J. O'Toole, City Attorney, and Thomas P. Slevin, Assistant City Attorney, for Appellants.

Charles R. Boden for Respondent.

NOURSE, J.—Petitioner sued in the superior court for a writ of mandate requiring the defendants to award him three additional credits in a promotional examination for the position of lieutenant in the fire department, because of his status as a veteran. Judgment went for petitioner on the pleadings and the defendants have appealed on a typewritten record.

The petitioner was employed in the municipal service of the city and county of San Francisco from September, 1917, until March, 1921, except for a period of one year when he

was in the service of the United States army. In August, 1926, he returned to the service of the city and county as a hoseman in the fire department and, in February, 1927, participated in a promotional examination for the position of lieutenant in that department. As a result of this examination the petitioner received such an average as to cause him to be placed number sixty-six on the register of eligibles for promotion. His demand that he be awarded additional credits because of his status as a veteran is based upon that portion of section 22 of article XIII of the San Francisco Charter, which reads: ''in the case of promotional examinations a credit of three points shall be allowed to veterans—who shall have been in the city and county service prior to July 1, 1920.''

It is the contention of the appellants that the expression ''shall have been'' should be interpreted to apply only to such veterans who had been in the city service prior to July 1, 1920, and who had remained continuously in such service thereafter until the time of the promotional examination—that, because petitioner had severed his connection with the city service for the period from March, 1921, to August, 1926, he did not come within the class of those entitled to the veterans' preference. In support of the argument appellants point out that the words ''shall have been'' are in the future perfect tense, and they argue that if this continuous service had not been desired the framers of the charter amendment would have used the past perfect tense with the words ''had been.''

The amendment was adopted by the electors of the municipality at the general election in November, 1920, and was affirmed by the legislature in January, 1921. In providing that the preference should go only to those veterans who were in the city service prior to July 1, 1920, no reason has been given for the selection of that date other than that it was about the time when the supervisors of the city were considering submitting the proposal to the electors at the ensuing general election.

To determine the meaning of the amendment we must bear in mind that the words ''shall have been'' are applied to past as well as to future conditions. It is said in *Chenoweth* v. *Chambers*, 33 Cal. App. 104, 110 [164 Pac. 428], ''The expression 'during the term for which he shall have been

elected' presents a question of more difficulty. In a strictly grammatical sense the phrase, standing alone, conveys the idea of futurity. Reading the section in its entirety it does not appear to us imperatively to demand a construction contrary to what we have the right to assume the electors, in voting on the amendment, understood to be its purpose and the class of officers to whom it was intended to apply. The phrase or its equivalent is frequently found in statutes and constitutions, and the cases show that it is applied to past as well as to future acts or conditions. As was said in *Norris* v. *Sullivan*, 47 Conn. 474: 'The words "shall have levied" are susceptible of both past and future application; they furnish a convenient form for legislative use when it is desired to give all inclusive force to a single expression. Therefore, as they may mean future or past and future, it becomes a question of legislative intent in each statute.' "

If the framers had used the words "who had been," as suggested by appellants, the phrase would have been open to the interpretation that it applied only to one who had been in the city service prior to July 1, 1920, but who was not in the service on that date or thereafter. If they had used the word "was" it would have expressed a similar meaning. But the words "shall have been" included any person who was in the city service prior to July 1, 1920, and who may or may not have been in such service thereafter. It will be noted that the entire phrase relates to the veteran and not to the municipal employee. If it had been intended to require continuous city service on the part of the employee some such expression would have been used as "who shall have remained continuously in the city and county service until the date of the promotional examination."

But there is no reason for reading such an expression into the amendment if we were permitted to do so. The amendment related solely to preferences to be given to veterans. It was not concerned with the length of service to be required for promotion in any department. Other sections of the charter provide for promotional examinations and provide for the award of credits for meritorious service in the department. But this section had to do with credits for service with the United States military forces. We can see no relation between awards for such service and the period or continuity of service in the city and county.

The petitioner's status as a veteran is conceded and his service in the city and county employ prior to July 1, 1920, is also admitted. He has established the right to the preference and the commission has failed to show any reason why the additional points should not be allowed.

The judgment is affirmed.

Sturtevant, J., and Koford, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 22, 1929, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 21, 1929.

All the Justices concurred.