**STATE ex MINNICH et v CRABILL et**

Ohio Appeals, 2nd Dist, Clark Co

No 371. Decided Sept 22, 1936

Frank L. Nevius, Springfield, Jerome A. Nevius, Springfield, and Hugh Hagan, Springfield, for appellants.

Orville Wear. Prosecuting Attorney, Springfield, for appellees.

## OPINION

By BARNES, PJ.

The above-entitled cause is now being determined on appeal from the judgment of the Court of Common Pleas of Clark County, Ohio.

In the court below defendants, being appellants herein, filed a demurrer to plaintiffs' petition which was sustained and the relators, not desiring to plead further, the trial court entered final judgment dismissing the petition and awarding costs against the relators. On the same day notice of intention to appeal was given, appeal bond fixed and likewise on the same day an acceptable appeal bond was filed. By agreement of counsel oral argument was presented to this court at Columbus, Ohio, the briefs having been previously filed, and, by consent of all parties, advanced for immediate hearing.

We have before us the transcript of docket and journal entries, the original papers and the briefs of counsel. The following pertinent facts appear from the petition:

On May 12, 1936 a primary election was held in Clark County, pursuant to law to select Democratic party candidates for various state and county offices. No declarations of candidacy were filed for any of the following offices by Democrats and no Democrat in said primary received a sufficient number of votes to effect his nomination for any of said offices, resulting in there being no nomination made at said primary for any of the following offices:

Clerk of Courts;
Sheriff;
Representative to General Assembly;
Coroner;
County Treasurer.

Thereafter, on June 12, 1936, the Democratic Executive Committee of Clark County, Ohio, at a meeting regularly called for and held on that date, adopted a resolution selecting the relators herein as its party nominees for such vacancies as follows:

Clerk of Courts, Clara F. Stokes;
Sheriff, Al W. Menhardt;
Representative to General Assembly, Charles M. Hartwell;
Coroner, Edgar R. Hargett;
County Treasurer, Charles S. Minnich.

On June 29, 1936, the chairman and secretary of said committee certified such actions of the committee by its direction to the respondent Board of Elections of Clark County and presented said certificate to said Board for filing, but said Board refused to accept same for filing.

The petition also sets forth that the certificate so tendered was duly verified and properly presented and that all the candidates are in fact qualified as such. The prayer of the petition asks that a writ of mandamus issue commanding the respondents to accept and file such certificate and thereafter place the names of relators upon the ballot at the regular election next ensuing, as candidates of the Democratic party for the several offices for which they were so certified.

Relators' demurrer challenges the sufficiency of the petition, the claim being that it does not state a cause of action.

The determination of the question turns wholly and entirely on the construction of §4785-94 GC. The pertinent portion of this section reads as folllows:

"Sec 4785-94 GC. Filling Vacancies. Vacancies occurring in party nominations shall be filled by the executive committee of such party * * * When any such vacancy is to be filled, the chairman and secretary of such committee, after names have been chosen to fill such vacancy, shall thereupon make and file with the proper officer a certificate setting forth the names of the person chosen, the office for which nominated, the name of the person for whom the new nominee is to be substituted, and such other information as is re-

quired to be given in the original certificate of nomination. * † *"

Reduced to a narrower margin, the portion of the section to be construed is contained in the following language of the first paragraph, to-wit: "Vacancies occurring in party nominations shall ·be filled, etc.," it being the claim of the appellants that there is a vacancy in the five offices named, even though there had not been previous nominations for the same. Contra, counsel for respondents insist that the words "vacancies occurring in party nominations" can only exist where there has been a previous nomination, and, since the petition discloses that there had not been any nomination for the offices named, the committee is without authority to fill up the ticket on the theory of vacancies.

We have the benefit of very able briefs presented by counsel and the oral arguments supplementary thereto were learned and persuasive..

The law of Ohio, as well as that of other judisdictions, is well-recognized that the language used in a statute is to be given the usual and ordinary meaning, unless from the context it clearly appears that a different meaning was intended.

It seems clear that the words "vacancies occurring in party nominations" contemplates a prior party nomination. The query at once arises how can there be a vacancy in party nomination if the party had made no nomination?

The construction of the section, as above indicated, is further supported in a later provision, wherein it is provided that the officers of the committee in filling vacancies "shall make and file with the proper officer a certificate setting forth * * * the name of the person for whom the new nominee is to be substituted." This provision is surely cumulative evidence that the Legislature intended that the first paragraph above quoted should be given its usual and ordinary meaning. Counsel both for respondents and relators agree that they have not been able to find any court precedent dealing with this section, nor do we, through an independent search, find that any court in Ohio has ever had this question before it. However, we do find that the Secretary of State of Ohio has had the question presented on numerous occasions and he has uniformly held, from the earliest adoption of the section down to the present time, that under a state of facts such as is presented in the instant case, the party committee does not have the right to fill up the ticket.

The Attorney General of Ohio, in considering another question under the election law, makes the following comment:

"In the case you present, the particular place for which the elector desires to become a candidate by petition was not open for nomination at the primary. There was then no vacancy in that particular place to be filled at the general election. Consequently, no party candidates were nominated therefor and no party candidates can be nominated therefor. While there is provision for filling vacancies occurring in party nominations (§4785-94 GC), there is no provision for a political party to nominate its candidates in the case you present." See Opinions of Attorney General, 1932, Volume 2, page 1014.

We understand very fully that neither the opinions of the Attorney General nor the rulings of an administrative officer take the place of court precedents so as to make the question stare decisis, but there is a rule of construction that where administrative officers have followed a fixed rule for a long period of time the courts will, in the interest of stability, follow such rule if the language to be construed is reasonably susceptible of that construction.

In the case of **State v Ridgway, 73 Oh St 31**, on page 39, Judge Price following the opinion of the court, makes the following observation:

"A long established and uniform practice is an authority of but little, if any, less weight than an adjudication to the same effect."

For the reasons above set forth we are constrained to the view that relators' demurrer is well taken and that the petition must be dismissed.

Exceptions will be allowed to the appellants.

Entry may be drawn in accordance with this opinion.

HORNBECK and BODEY, JJ, concur.