Matthias, J.
 

 The single question of law presented
 
 *232
 
 is whether the decision of the Board of Tax Appeals,, so far as it denies the claim of the company for a deduction from book value of the tangible personal property removed by the auditor of Hamilton county from: the real estate tax duplicate in the year 1939, is unreasonable or unlawful. The decision was based upon the ground that Section 5399, General Code, did not apply to the assessment under consideration. The Board of Tax Appeals held against the appellant’s' claim that Section 5 of the Intangible and Personal Property Tax Act of 1931 by implication applied to the return involved here. The appellant has not urged in this court the applicability of that statute, and, therefore, that, question will not be considered.
 

 The Board of Tax Appeals, in its entry, did not question or discuss the meaning or the grammatical construction of the language employed in Section 5399, General Code, but it-is now urged, in support of the decision of the board, that by the language employed, the intention and purpose is evidenced that the provisions of such section should apply only, to- tangible personal property removed from the real estate tax duplicate subsequent to the effective date of that statute. Such claim is based upon the view that the words “shall have been” relate only to the future and in support thereof the case of
 
 Seale. & Balsdon,
 
 51 Cal. App., 677, 197 P., 971, is cited and the following is quoted therefrom: “The words ‘shall have been,’ grammatically construed, relate to the future perfect tense, something which is to be done and perfected after the date of the enactment of the law in question. ’ ’
 

 We are of the opinion, however, that the phrase in question is susceptible of both past and future application and presents a question of legislative intent. In practically all cases, where the question has been considered, our view as stated has been supported. Among
 
 *233
 
 those the following are cited:
 
 Norris
 
 v.
 
 Sullivan,
 
 47 Conn., 474;
 
 Clark
 
 v.
 
 Kansas City, St. L. & C. Rd. Co.,
 
 219 Mo., 524, 118 S. W., 40;
 
 Chenoweth
 
 v.
 
 Chambers, State Cont.,
 
 33 Cal. App., 104, 164 P., 428;
 
 McCarthy
 
 v.
 
 Civil Service Commission,
 
 95 Cal. App., 749, 273 P.; 98;
 
 Beard
 
 v.
 
 Rowan,
 
 1 McLean, 135, 2 Fed. Cas., 1172.
 

 Norris
 
 v.
 
 Sullivan, supra,
 
 may be regarded-as the leading case on the subject. It is there held that “the words ‘shall have levied’ are susceptible of both past and future application; they furnish a convenient form for legislative use when it is desired to give aíl-inclusive force to a single expression. Therefore as they may mean future, or past and future, it becomes a question of legislative intent in each statute.”
 

 It is stated in the opinion in the case of
 
 Clark
 
 v.
 
 Rd. Co., supra,
 
 at page 536, “We may presume all legislators grammarians, but that presumption would not drive us to the conclusion that they meant only future •action when they wrote ‘ shall have been commenced.
 

 We are of the opinion that it was the design and purpose of this legislation to embrace any situation where 'it “shall have been determined” that the property “should not have been assessed as” realty or in which the property “shall- have been removed” from the realty duplicate. We are persuaded that if the General Assembly had intended the section to apply only to tax years after its enactment, it would have said ‘ ‘ shall •be” instead of “shall have been,” just as, if it had intended the provisions of such section to apply only to tax years preceding its enactment, it would have said '“has been.” Therefore, the phrase “shall have been” appears to have been designedly employed for the purpose of making the statute applicable to tax years pre-ceding its enactment as well as to tax years subsequent thereto. This becomes more apparent when the fact is considered that if the section were to be construed
 
 *234
 
 to apply only to tax years subsequent to 1943, it would have had very little upon which to operate. , Most tangible personal property, improperly assessed as real estate, had been removed from the real-estate tax duplicate during the extended period of time since the enactment of the 1931 statute referred to and prior to the enactment of Section 5399, General Code.
 

 It is to be observed also that the property involved in this case — and other property in a similar situation-having been assessed for taxation for the year-1938 as real property, those taxes became a lien on the day preceding the second Monday of April (Section 5671, General Code) and payable, one-half on or before the 20th day of December, and one-half on or before the 20th day of June (Section 2653, General Code). The taxpayer, therefore, would actually be paying taxes on this property during the year 1939 as real property, and taxes on the same property as personal property if assessable as personal property for 1939, as claimed by the Tax Commissioner. One purpose of the enactment of Section 5399, General Code, was apparently to avoid such situation.
 

 It is our conclusion, therefore, that the provisions of Section 5399, General Code, are applicable to the situation presented in this proceeding.
 

 The Board of Tax Appeals further held that, since Section 5399, General Code, was enacted and became effective during the pendency of the appeal before it, the provisions of such section were not applicable and could not be considered'by the board by reason of the fact that the section was not in effect at the time the return of the appellant was filed. The board relies upon the decision of this court in the case of
 
 Cowen, Commr.,
 
 v. State,
 
 ex rel.
 
 Donovan, 101 Ohio St., 387, 129 N. E., 719, in support of its position in that respect. The statute under consideration in that case was one
 
 *235
 
 that was enacted for the evident purpose of attempting to validate certain public contracts entered into prior to the enactment thereof. This court held that such statute could have no legal application or operation to cure defects in a contract entered into by the state highway department which had previously been held illegal by the Court of Appeals and which that court had enjoined. The decision of this court was upon the ground that such enactment would not authorize the Supreme Court to reverse the judgment of the Court of Appeals rendered before its enactment although it went into effect before the hearing of the case in the Supreme Court.
 

 This court, as stated in the opinion, regarded the enactment there in question “as an attempt on the part of the Legislature to exercise judicial power, or a conferring by the Legislature of appellate jurisdiction upon this court unwarranted and unauthorized by the constitution.”
 

 Having in mind the construction of the provisions of Section 5399, General Code, as hereinabove set forth, we see no valid reason for the application of the rule above stated to a proceeding before the Board of Tax Appeals pending at the time of the enactment of such statute, if such statute is not violative of the constitutional inhibition against retroactive laws, or the provisions of Section 26, General Code, hereinafter discussed.
 

 Under the provisions of Section 1464
 
 et seq.,
 
 General Code, the Department of Taxation was created and all the powers theretofore vested and imposed upon the Tax Commission of Ohio and subordinates thereof were transferred to and vested in .and imposed upon the Department of Taxation “composed of the Tax Commissioner and the Board of Tax Appeals * # #.”
 

 Broad powers are thereby conferred upon the Board
 
 *236
 
 of Tax Appeals, the first of which enumerated is “to exercise the authority provided by law relative to consenting to the exempting of property from taxation, and' revising the list of exempted property in any county. ’ ’
 

 Under the provisions of Section 5611, General Code, “the Board of Tax Appeals may order the appeal to be heard upon the record and the evidence certified to it by the Tax Commissioner, but upon application of any interested party shall order the hearing of additional evidence; and it may make, or cause to be made, such investigation with respect to the appeal as it may deem proper.”
 

 We conclude, therefore, that it was the intent and purpose of the General Assembly that Section 5399, General Code, should apply to assessments such as that in issu'e here, and that the Board‘of Tax Appeals is authorized to give effect to its provisions in the consideration and determination thereof.
 

 Nor in our opinion does such application of that section fall within the inhibitions prescribed by Section 26, General Code, for the very obvious reason that no “statute is repealed or amended” by Section 5399, General Code (120 Ohio Laws, 636).
 
 Wheeling & Lake Erie Rd. Co.
 
 v.
 
 Toledo Ry. & Terminal Co.,
 
 72 Ohio St., 368, 74 N. E., 209, 106 Am. St. Rep., 622. That decision was not overruled or in any wise modified by the decision of the court in
 
 State, ex rel. Bd. of Education of City School District of City of Cincinnati,
 
 v.
 
 Ach,
 
 113 Ohio St., 482, 149 N. E., 405. The statute involved in the latter case was referred to as a “supplement” to a ‘former statute, but made material changes in the essential steps required to be taken preliminary to the issuance of bonds. In that instance public bonds, which had been duly authorized, were advertised for sale and awarded to the successful bidder prior to the en
 
 *237
 
 actment of the statute there in question. That statute was, of course, held ineffective as to the completed sale of bonds following valid proceedings under the then existing statutory provisions. For the reasons stated, we conclude that since Section 5399, General Code, does not amend or repeal any existing statute, it is in no wise affected by the provisions of Section 26, General Code.
 

 It is urged also that Section 5399, General Code, if construed and applied as hereinbefore indicated, would be violative of Section 28 of Article II of the state Constitution providing that “the General Assembly shall have no power to pass retroactive laws. ’ ’ The question is thus presented whether the assessment had become final by reason of the order of the Tax Commissioner, followed'by the certification thereof to the county involved, notwithstanding the same was duly appealed to the Board of Tax Appeals.
 

 Section 5377, General Code, provides that the assessment .certificate of the Tax Commissioner shall become final “unless, prior to the expiration of said period or extended period: * * *
 

 “(3) An application for review and redetermination of the assessment represented thereby shall have been filed pursuant to Section 5394 of the General Code, in which event the filing of such an application shall have the effect of a waiver of such time 'limitation and a consent that the applicant’s final assessment certificate may be issued at the time, under the circumstances and by the authority provided by any law relating to further administrative or judicial review of the assessment represented thereby; * *
 

 It follows, therefore, that an application for review ' and determination having been duly filed by the appellant, the assessment in question does not become final as to either the appellant or the Tax Commissioner un
 
 *238
 
 til all administrative and judicial review thereof is completed.
 

 The decision of this court in the case of
 
 State, ex rel. Struble,
 
 v.
 
 Davis et al., Tax Comm.,
 
 132 Ohio St., 555, 9 N. E. (2d), 684, is relied upon in support of the proposition that taxes, which have been assessed and which assessment has become final, cannot be remitted by statute thereafter passed and that any such statutory provision is violative of Section 28 of Article II of the Constitution.
 

 If the assessment involved here had been completed and become final the rule announced in the
 
 Struble case
 
 would clearly apply, but since under the statute cited the assessment does not become final during the progress of an appeal duly prosecuted, the remission of the taxes is clearly authorized as was held in paragraphs one and two of the syllabus of the
 
 Struble case,
 
 which are as follows:
 

 “1. Section 2 of Article XII of the state Constitution requires only lands and improvements thereon to be taxed by uniform rule according to value.' By reason of the removal of previous constitutional limitations and restrictions, the power of the General Assembly to determine the subjects and methods of taxation and exemption of personal- property therefrom is limited only by Article I of the Constitution of the state.
 

 “2. In the matter of classification of property for taxation purposes, broad power is conferred upon the Legislature. Its action in that regard will not be set aside by the courts unless the classification attempted results in such discrimination against members of the same class as to deny them the equal protection of the law.”
 

 Finally it is urged that Section 5399, General Code, as construed and applied, is discriminatory and, therefore, violative of Section 2 of Article I of thé state
 
 *239
 
 Constitution, the equal-protection clause. However, this statute confers no benefits upon any taxpayer not available to all of the same class. It does not confer special benefits upon delinquent taxpayers not equally available to nondelinquent taxpayers, which was the situation before the court in the case of
 
 State, ex rel. Hostetter,
 
 v.
 
 Hunt et al., Exrs.,
 
 132 Ohio St., 568, 9 N. E. (2d), 676. There is no evidence in this record of any delinquency. In fact, it clearly appears from the record that the assessment involved has been diligently contested from the date of the return made. Clearly the unconstitutionality of the statute cannot be based upon the fact that others less diligent or tenacious than the appellant failed to avail themselves of the applicable provisions of the statute. It would not be held that there was discrimination in favor of a taxpayer who successfully contested the legality of an assessment following the payment thereof under protest, over a taxpayer who had voluntarily paid a like assessment.
 

 We find Section 5399, General Code, nowise in conflict with the Constitution of the state, and for the reasons heretofore stated the Board of Tax Appeals should have abated the assessment made by the Tax Commissioner for the year 1939.
 

 The' assessment in question is unreasonable and unlawful. Therefore, the decision of the Board of Tax Appeals is reversed and the cause remanded for further proceeding's in accordance with this opinion.
 

 Decision reversed.
 

 Turner, Hart, Sohngen and Stewart, JJ., concur.
 

 Weygandt, C. J., and Zimmerman, J., dissent.