**MIAMI CONSERVANCY DISTRICT, Plaintiff-Appellee, v. BUCHER et, Defendants-Appellants.**

Ohio Appeals, Second District, Montgomery County.

No. 2039.   Decided December 22, 1949.

Alfred Swift Frank, Dayton, for plaintiff-appellee.
Gertrude A Bucher and R. A. Argabright, Dayton, for defendants-appellants.

## OPINION

By WISEMAN, J:

This is an appeal on questions of law and fact from the judgment of the Common Pleas Court of Montgomery County, Ohio, wherein judgment was rendered in favor of the plaintiff in an action brought by the Miami Conservancy District against the two owners of four parcels of real estate situated in the City of Dayton to enforce the collection of conservancy assessments levied against said property.

In 1917 a basic levy of 36% of the appraised benefits and in 1920 a basic levy of 14% of the appraised benefits was made by the Board under the provisions of §6828-45 GC. No question is raised with respect to the principal amount of the basic levies. The difference in the amount claimed and the amount admitted by the defendants to be due is represented by the interest charge. The question in dispute is whether the interest charge on the unpaid installments was properly levied under the provisions of the Conservancy Act.

The narrow question for the Court to determine is whether, under the provisions of §6828-45 GC the interest charge should be reduced to dollars and cents and included in the principal amount of the assessment. This section in part provides:

"The said assessment shall be apportioned to and levied on each tract of land or other property in said district in proportion to the benefits appraised, and not in excess thereof, and in case bonds are issued as provided herein and hereafter, then **the amount of interest, which will accrue on such bonds, as estimated by said board of directors, shall be included in and added to the said assessment, etc.**" (Emphasis ours.)

The pertinent part of the record of the Board in making the assessment is as follows:

"There shall be and there is hereby levied upon the real property * * * the sum of Twenty-seven million, eight hundred four thousand, four hundred eighty and 64/100 dollars

($27,804,480.64), together with interest on such portion thereof as may not be paid in cash as hereinafter provided at a rate not to exceed six per cent (6%) per annum as provided by law."

The Board took proper action in complying with the provisions of §6828-46 GC, wherein it is provided that those who may desire to do so may pay "the full amount of the assessment less any amount added thereto to meet interest." The defendants herein failed to make payment under this provision of the Act. Sec. 6828-46 GC, further provides that "any property-owner failing to pay assessments in full as provided for herein shall be determined to have consented to the issuance of bonds as provided for in this Act, and to payment of interest thereon." The bonds were thereafter issued in anticipation of the collection of the unpaid installments of the assessment. A bonding resolution was passed by the Board under the provisions of §6828-46 GC, which in part provides:

"* * * thereupon the board of directors shall pass and spread upon the records a Bonding Resolution in which shall be stated the amount of the assessment, and the amount thereof paid as aforesaid, and thereupon the board shall in the same resolution apportion the uncollected assessment into installments or levies, **provide for the collection of interest upon the unpaid installments, etc.**" (Emphasis ours.)

Thereafter the board made annual levies as provided in §6828-50 GC, which levies included the interest charge. Thirteen annual levies were paid on three parcels and fourteen annual levies were paid on one parcel, but nothing more. For a number of years the defendants have been in default for payment of said assessments.

The defendants contend that the board, in making the basic levy in 1917, should have capitalized the interest charge and added it to the principal sum of $27,804,480.64, increasing the basic levy to that extent, rather than make a basic levy in the amount stated "together with interest." A similar procedure was followed in making he 1920 basic levy and the same contention is made. Counsel for the plaintiff contends that at the time the basic levy was made it would have been impossible for the board to have determined the amount of the interest charge: First, for the reason that it did not know at that time how many property owners would pay the assessment in full within the thirty-day period after notice was given of the assessment and; second, that the board at

that point in the proceedings could not determine the amount of the interest rate on the bonds which would be issued in anticipation of the collection of future assessments.

The question for determination requires an interpretation of that part of §6828-45 GC, which provides:

"In case bonds are issued as provided herein and hereafter, **then the amount of interest, which will accrue on such** bonds, as estimated by said board of directors, **shall be included in and added to the said assessment,** etc." (Emphasis ours.)

This section of the Conservancy Act has never been interpreted by the courts of this state. The states of New Mexico and Colorado have conservancy acts modeled after the Conservancy Act of Ohio which contain a similar provision. However, with respect to small tracts of land the New Mexico Act provides that the installments of interest shall be capitalized and added to the principal of the assessment. The New Mexico Act makes a distinction between the two methods in dealing with the interest charge. One provision requires the Board to capitalize the interest charge and add it to the principal of the assessment; the other, like the Ohio Act, provides for estimating the interest charge and including it in and adding it to the assessment. The contention made by the defendants herein would necessitate an interpretation of the Ohio Act which would require the Board to capitalize the interest charge and add it to and make it a part of the principal amount of the assessment. We do not believe that this was the intention of the legislature in enacting this section. The construction of this provision of the statute has not been before the courts of New Mexico or Colorado. However, in the case of Gutierrez v. Middle Rio Grande Conservancy District, 34 N. Mex. 346, 282 P. 1, 70 A. L. R. 1261, the Court in discussing the nature of the interest charge, on Page 354, stated:

"Interest on deferred payments is not a part of the assessment nor does it ever become such; it is the carrying charge on the unpaid portion of the assessment; it does not go into the improvement nor change its costs. If the property owners all pay their assessments within the 60-day period, then the conservancy district need issue no bonds, but, if a portion elect to pay in installments, then the district must issue and sell bonds sufficient to enable it to carry out the project. The interest paid on the bonds certainly is not a part of the assessment; it does not go into nor become a part of the cost of the improvements. The interest collected from those who

pay in installments offsets the interest which they have caused the district to pay on its bonds."

The issue raised in that case was not the same as is presented here. However, the statement of the court relative to the nature of the interest charge, though obiter dictum, is pertinent in determining the question presented here. The court in that case stated that the interest charge is not a part of the assessment. If the interest charge is not a part of the assessment, then there is little support for the contention of the defendants that the interest charge should become a part of the principal amount of the assessment. The action of the board in the instant case was a substantial compliance with the provisions of the Act and the assessment was legally made even though the interest charge was not capitalized and added to and included in the principal sum of the assessment.

We must observe and give effect to the provisions of §6828-41 GC, which in part provides:

"No fault in any notice or other proceedings shall affect the validity of any proceeding under this act except to the extent to which it can be shown that such fault resulted in a material denial of justice to the property owner complaining of such fault."

If it be conceded that there was an irregularity in the proceedings in making the assessment it can not be successfully contended that such irregularity resulted in a material denial of justice to the defendants herein.

It has been held as a rule of statutory construction that it is the duty of courts in the interpretation of statutes, unless restrained by the letter, to adopt that view which will avoid absurd consequences, injustice or great inconvenience, as none of these can be presumed to have been within the legislative intent. Moore v. Given, 39 Oh St 661; Hill v. Micham, 116 Oh St 549, 553, 157 N. E. 13; Prosen v. Duffy, 152 Oh St 139, 39 O. O. 444; 37 O. Jur., Sec. 348, 352, 353, pp 634, 643, 644; Vol. 50, Am. Jur., page 365, Section 360. In accord with the principles of statutory interpretation just stated, we are of the opinion that it was not the legislative intent to require the board to capitalize the interest charge and include it in the principal amount of the assessment.

It is well established as a legal proposition that administrative interpretation of a law, while not conclusive, is, if long continued, to be given great weight and will not be disregarded and set aside unless judicial construction makes

it imperative to do so. In **State v. Ridgway, 73 Oh St 31, 76** N. E. 95, the court on page 39 made this statement:

"A long-established and universal practice is an authority of but little, if any, less weight than an adjudication to the same effect."

See also **State ex rel, v. Brown, 121 Oh St 73, 166 N. E. 903.** In Norwegian Nitrogen Products Co. v. U. S., 288 U. S. 294, the Court, speaking through Justice Cardozo, held:

"True indeed it is that administrative practice does not avail to overcome a statute so plain in its commands as to leave nothing for construction. True it also is that administrative practice, consistent and generally unchallenged, will not be overturned except for very cogent reasons if the scope of the command is indefinite and doubtful. United States v. Moore, 95 U. S. 760, 763; Logan v. Davis, 233 U. S. 613, 627; Brewster v. Gage, 280 U. S. 327, 336; Fawcus Machine Co. v. United States, 282 U. S. 375; Interstate Commerce Comm. v. N. Y., N. H. & H. R. Co., 287 U. S. 178. The practice has peculiar weight when it involves a contemporaneous construction of a statute by the men charged with the responsibility of setting its machinery in motion, of making the parts work efficiently and smoothly while they are yet untried and new. Fawcus Machine Co. v. United States, supra."

The words of Justice Cardozo have a peculiar application to the situation presented in this case. The board, in the early years of its existence, had the benefit of and followed the advice of learned legal counsel, who were responsible for preparing the bill which was passed as the Conservancy Act of Ohio. The board of the Miami Conservancy District, since 1917, has given the same construction to the statute under consideration as has been given by this Court.

Finally, the defendants contend that the plaintiff's action is barred by the statute of limitations and cite in support thereof §6828-54 GC. The statute of limitations is a special defense and if not pleaded it is deemed waived. **Towsley v. Moore, 30 Oh St 184; Hower v. Clerkin, 38 Abs 509, 50** N. E. 902; **Vol. 25 O. Jur., pages 637, 614.** If §6828-54 GC, is a statute of limitations, which we do not concede and do not decide, it is not available to the defendants since it was not pleaded as a special defense.

Judgment for the plaintiff. An order may be drawn similar to the order entered in the court below.

MILLER, PJ, and HORNBECK, J, concur.