Griffith, J.
Two appeals are before us. The first appeal (case No. 37756) was perfected by the Tax Commissioner from the decision of the Board of Tax Appeals. The board reversed a final order of the Tax Commissioner, wherein the Tax Commissioner found that The Recording Devices, Inc., was engaged in certain taxable sales transactions, and made an assessment. The Board of Tax Appeals held that such transactions were taxable, and that, until a Tax Commission letter, under date of April 6, 1938, addressed to the taxpayer, is rescinded in writing by the Tax Commissioner, the taxpayer, having relied on *519 the ruling, coupled with the long-continued administrative practice of the state assessing body in following such ruling, is entitled to have its assessment cancelled.
The sales tax assessment was in the amount of $4,721.38, together with a 15% penalty, the audit covering the period from January 1, 1957, to December 31, 1960.
The taxpayer in its appeal to the Board of Tax Appeals produced a letter giving a ruling on this question, which reads as follows:
“The Recording Devices Co.,
“57 E. Spring St.,
“Columbus, Ohio.
“Attention: Mr. Cooperrider
‘ ‘ Gentlemen:
“Pursuant to our conversation of April 4, 1938, I am writing this letter concerning the application of the sales tax to the business in which you are engaged. I wish to inform you that when your company installs a time recording lock retains title and renders periodic statements to your customer showing the opening and closing time on the lock that you are rendering a service for your customer and need not collect the sales tax. This is true whether your man winds the clock and picks up the tape or whether your customer wands the clock and sends the tape to you for reading.
“Under these facts your company is the consumer of all equipment used and must pay the sales tax upon the purchase of the same.
“The time recording locks which are sold outright to your customers involves a taxable transaction and the tax must be collected on the full amount charged for the lock.
“If further information is desired, I shall be glad to supply the same upon request.
“Very truly yours,
“The Tax Commission of Ohio “By: /s/ John W. King “John W. King,
“Legal Department. ’ ’
As to the first appeal, i. e., that of the Tax Commissioner,
*520 we are of the opinion that, although the equitable principle of estoppel cannot operate against the state of Ohio, and that the Tax Commissioner cannot be bound in all cases by acts or opinions of employees, yet where a long-established practice has been followed, such administrative practice does have much persuasive weight especially where the practice has gone on unchallenged for a quarter of a century. Miami Conservancy District v. Bucher, 87 Ohio App., 390; State v. Ridgway, 73 Ohio St., 31; Norwegian Nitrogen Products Co. v. United States, 288 U. S., 294.
We are of the opinion that the decision of the Board of Tax Appeals in reversing the Tax Commissioner’s assessment is neither unreasonable nor unlawful.
The second appeal (case No. 37757) was perfected by the taxpayer from the same decision of the Board of Tax Appeals. We have an anomalous situation wherein the appellee in case No. 37756 is an appellant in case No. 37757. In this case, the taxpayer is appealing only from that part of the decision of the board finding that the rental transactions are subject to the sales tax. This type of appeal is a deviation from the general rule, but because of the ruling of this court in the case of Goldman v. L. B. Harrison (Club), 156 Ohio St., 403, wherein the court held that there is no statutory provision for any notice of so-called cross-appeal in a case of this type, the taxpayer, out of the abundance of precaution, chose this manner of appeal.
In its journal entry of reversal (July 25, 1962), the board stated:
“It seems quite clear that the April 6, 1938, ruling given by the legal representative of the Tax Commission of Ohio can now be considered erroneous.”
The taxpayer feels that the board made certain conclusions which are prejudicial to its present and future operations and which might be regarded as res judicata in the litigation of future cases, and, further, that the board failed to find that the taxpayer was not engaged in the sale or rental of the recording devices, and also failed to find that the devices are specifically excepted as to the sales tax because the taxpayer is engaged only in the rendition of personal service transactions.
*521 The Board of Tax Appeals found that the transactions were sales within the meaning of Section 5739.01, Revised Code.
Is the taxpayer a vendor or a consumer?
“Vendor” is defined in subdivision (C) of this section as “the person by whom the transfer effected or license given by a sale is or is to be made or given.” It is necessary to consider the use of the tangible property to determine whether, after the transfer is perfected, the taxpayer is still the vendor or is he then the consumer.
“Consumer” is defined in subdivision (D) of this section as “the person to whom the transfer effected or license given by a sale is or is to be made or given, or to whom the admission is granted.”
Subdivision (B) provides that “ ‘sale’ and ‘selling’ include all transactions by which title or possession, or both, of tangible personal property, is or is to be transferred, or a license to use or consume tangible personal property is granted * * * for a consideration in any manner, whether absolutely or conditionally, whether for a price or rental, in money or by exchange, and by any means whatsoever.”
The taxpayer claims to be selling a service. It retains title to the time lock and rents it to the customer for a monthly consideration. The sales tax assessment issued against the taxpayer is based on rentals charged by the company for certain door locking and recording devices known as Dayton Time Locks, owned, provided, installed and maintained by the taxpayer under contract with its customers. These devices were installed on doors of various Ohio business enterprises so that the management could ascertain who locked and unlocked the doors and at what time. It was necessary to service these devices and for this service the taxpayer made a monthly charge on which it did not collect sales tax in its belief it was engaged in a personal service transaction. If the device was damaged by the taxpayer’s customer, he was responsible, ordinary wear and tear excepted. It was attached to the customer’s realty and was to be kept in working order by the taxpayer. True, the taxpayer did render a service in its operation which operation was located on the premises of the customer. See Federal Sign *522 & Signal Corp. v. Bowers, Tax Commr., 172 Ohio St., 161. However, we hold that such a transaction is taxable.
The taxpayer has the burden of proof to establish what is not taxable.
In Merchants Cold Storage Co. v. Glander, Tax Commr., 150 Ohio St., 524, the syllabus reads as follows:
“1. In an appeal to the Board of Tax Appeals from an order of the Tax Commissioner levying assessments for sales and use taxes, the burden rests on the appealing taxpayer to show such purchases are excepted from taxation.
“2. Where it appears from the evidence that certain portions of the purchases taxed are by law excepted from taxation but that others are not, and it is impossible to separate the taxable and nontaxable portions involved except in an arbitrary and speculative manner, a decision of the board affirming the order of the Tax Commissioner will not, upon appeal to this court, be reversed as unreasonable or unlawful.”
A careful reading of the record in this case fails to show that the taxpayer has borne the burden of proof in this case. Only one witness testified, and he was president of the taxpayer and was carefully examined and cross-examined, and considering the 45 pages of testimony together with the 11 exhibits we conclude that the taxpayer was engaged in the rental of the devices, and that they were not specifically excepted as to the sales tax.
In Hercules Galion Products, Inc., v. Bowers, Tax Commr., 171 Ohio St., 176, it was held:
“It is not the function of this court to substitute its judgment for that of the Board of Tax Appeals on such factual issues but only to determine from an examination of the record whether the decision reached by the board is unreasonable or unlawful.”
Upon the record presented, we cannot say that the decision appealed from is unreasonable or unlawful, and it is, therefore, affirmed.

Decision affirmed.

Taft, C. J., Zimmerman, Matthias, O’Neill, Herbert and Hibson, JJ., concur.