BIECHELE ET AL., APPELLANTS, *v.* CITY OF SANDUSKY ET AL., APPELLEES.

(No. 914—Decided April 26, 1974.)

*Mr. Dennis E. Murray, Mr. James T. Murray* and *Mr. Raymond N. Watts,* for appellants.

*Mr. John W. Lehrer* and *Mr. James A. Smith,* for appellees.

BROWN, J. This appeal is from a final judgment of the Court of Common Pleas of Erie County which dismissed a Complaint filed by the appellants herein which, as a class action, sought a refund of income taxes levied and collected on and after January 1, 1972, by the city of Sandusky pursuant to tax ordinance 6648-C, enacted December 4, 1967. The Complaint also sought a permanent injunction and other equitable relief to prohibit a future levy and collection of such taxes. Plaintiff, in effect, challenged the legality of levying and collecting taxes on and after January 1, 1972, under this city income tax ordinance.

The Complaint in this case was filed April 26, 1973. The right of the city of Sandusky to levy and collect city

income taxes was challenged by plaintiffs because the Ohio legislature enacted a state income tax law effective January 1, 1972, uniformly applicable in Ohio including the taxpayers of the city of Sandusky. Dates of enactment of the state income tax law and the city income tax ordinance are important. Although the state income tax was adopted January 1, 1972, the city long before that date had adopted its tax ordinance, on December 4, 1967.

The portion of Sandusky Income Tax Ordinance 6648-C relevant to the issues by the parties is as follows:
"Section 2
"Imposition of Tax
"To provide funds for the purpose of general municipal operations, maintenance of equipment, purchase of new equipment, extension, enlargement and improvement of municipal services and facilities and capital improvements of the City of Sandusky, there hereby is levied a tax at the rate of one percent upon the following: ·
"A. On all salaries, wages, commissions, and other compensations earned on and after January 1, 1968 by resident individuals of the City of Sandusky. * * *
"Section 13
"Exemptions
"The provisions of this ordinance shall not be construed as levying a tax upon the following: * * *
"6. Gains from involuntary conversions, cancellation of indebtedness, interest on federal obligations, items of income already taxed by the State of Ohio * * *."

Therefore, the issue in this case narrows as follows. Does the exemption contained in Section 13.6 of Sandusky Ordinance 6648-C, when construed with Section 2 of such ordinance, mean that the city of Sandusky has exempted from taxation all items of income already taxed by the state after January 1, 1972, the date the state income tax law became effective?

The foregoing legal issue requires an interpretation in the ordinance of the words "already taxed" by the state of Ohio. Plaintiff contends that the words "already" refers to items of income taxed by the state at any time on

and after the enactment of the ordinance, December 4, 1967, and continuing in the future, so long as the ordinance contains such language. On the other hand, defendant contended that the word "already" should be construed to mean only the type or items of income taxed by the state of Ohio at the time of the adoption of the Sandusky tax ordinance.

The trial court properly accepted the defendants' contention concerning the interpretation of the language "already taxed" and in a written opinion filed in this case correctly found, as we do, that the words refer to a state of facts existing and to items of income taxed at the time the ordinance was adopted. Therefore, the assignments of error are not well taken, and we affirm the judgment of the lower court.

The word "already" in this ordinance refers to a point that is past with regard to the word "taxed," which it modifies. Therefore, the word "already" used in the Sandusky income tax ordinance adopted on December 4, 1967, referred to items of income taxed by the state on December 4, 1967, and in effect on that date, and not to items of income taxed after December 4, 1967, such as those within the general state income tax enacted effective January 1, 1972.

In construing an ordinance or statute, ascertaining legislative intent is a paramount consideration. R. C. 1.49[1];

---

[1]R. C. 1.49 (Court consideration as to legislative intent.)

"If a statute is ambiguous, the court, in determining the intention of the legislature may consider among other matters:

"(A) The object sought to be attained;

"(B) The circumstances under which the statute was enacted;

"(C) The legislative history;

"(D) The common law or former statutory provisions, including laws upon the same or similar subjects;

"(E) The consequences of a particular construction;

"(F) The administrative construction of the statute."

Defendant's stipulation 12 indicates that the "commission intended to exercise the taxing power of the city with regard to income to the fullest extent permitted by the constitution and laws of the State of Ohio."

*Gulf Refining Co.* v. *Evatt,* 148 Ohio St. 228, 232-233.

A consideration of the circumstances under which the Sandusky ordinance was enacted must be had when construing it. Such a consideration buttresses the judgment of the trial court and the affirmance made by this court.[2] R. C. 1.49(B); *Platt* v. *Union Pacific R. R. Co.,* 99 U. S. 48; *Miller* v. *Fairley,* 141 Ohio St. 327, paragraph two of the syllabus.

The legislative history should be considered by the court in construing an ordinance. R. C. 1.49(C); 50 Ohio Jurisprudence 2d 257, Statutes, Section 272. The commission's[3] meetings, reflected by the official minutes for 1967, revealed a general intent of the commission to exercise the power of the city to tax salaries, wages, commissions, compensation and net profits to the fullest extent permitted by law.

The court should also consider the administrative construction by executive departments, bureaus, and administrative officials, of an ordinance to determine its legislative intent. R. C. 1.49(F); *In re Packard,* 174 Ohio St. 349, 356; *Industrial Commission* v. *Brown,* 92 Ohio St. 309; *Pennoyer* v. *McConnaughy,* 140 U. S. 1; 50 Ohio Jurisprudence 2d 253, Statutes, Section 268. Stipulations of fact 11 and its exhibits, referring to the income tax return forms, and stipulation J and its exhibits, referring to the city in-

---

[2] Stipulations B and C and the exhibits M-1 through M-20 and exhibit N indicate the circumstances under which the income tax ordinance was enacted. Exhibit M-1 through M-20 (stipulation B) is the budget adopted by the commission on August 21, 1967, for fiscal year 1968, indicates total receipts for 1968 anticipated to be $1,264,959.36, and total expenditures projected to be $1,895,039.88. The city of Sandusky officially estimated that for fiscal year 1968 its expenditures would exceed receipts by approximately $530,000.

Exhibit N (identified in stipulation C) is a true copy of the Sandusky treasurer's report to the commission received and placed on file by the commission October 9, 1967, and relates to the city's financial status.

[3] The legislative body of the city of Sandusky is the city commission. The city has a commission-city manager form of government operating under a charter.

come tax administrator's steps in enforcement of the ordinance are consistent with our determination and affirmance of the judgment of the trial court.

In contrast with the foregoing observations and legal principles which must be considered by this court in construing the challenged language of the Sandusky ordinance, the plaintiffs' contention would require that the "already taxed by the State of Ohio" be interpreted to mean "as now or as may hereafter be taxed by the state of Ohio." This is a strained construction and would emasculate the legislative intent of the city commission which enacted this ordinance. The law does not permit this court to accept such a strained construction. Accordingly, the judgment of the Court of Common Pleas is affirmed.

*Judgment affirmed.*

POTTER, P. J., and WILEY, J., concur.