THE STATE, EX REL. ENDLICH, *v.*
INDUSTRIAL COMMISSION
OF OHIO ET AL.

(No. 83AP-641—Decided May 17, 1984.)

*Clayman & Jaffy Co., L.P.A., Mr. Stewart R. Jaffy* and *Mr. John F. Livorno,* for relator.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. Bradley Finn,* for respondent Industrial Commission.

*Messrs. Taft, Stettinius & Hollister* and *Mr. James M. Hall, Jr.,* for respondent David J. Joseph Company.

BROGAN, J. Kenneth W. Endlich died on November 29, 1979, as a result of an injury arising out of and in the course of his employment with the David J. Joseph Company in Cincinnati, Ohio. A death claim was filed on behalf of the widow, Wanda L. Endlich, and two dependent children, Keith Wayne Endlich and Tonya Collins, with the Industrial Commission.

On April 15, 1980, the district hearing officer found Wanda L. Endlich, Tonya Collins and Kenneth Wayne Endlich to be the deceased's dependents and awarded them the following weekly death claim awards:

| | |
|---|---:|
| Wanda Endlich | $60.50 |
| Tonya Collins | 30.00 |
| Kenneth W. Endlich | 30.00 |

That death claim award was not appealed.

The death claim benefits to the minor dependent Tonya Collins were ordered paid in care of Annabelle Collins, the natural mother of the child. Since the date of the award, Annabelle Collins has remarried and is now Annabelle Hamm. On July 2, 1982, Wanda Endlich remarried.

On November 1, 1982, a hearing was held on the reapportionment of the death claim as a result of the remarriage of the widow. The district hearing officer issued the following order:

"The Hearing Officer finds that the widow claimant, Wanda Hornung, remarried 7-2-82. Allow two year dowery [*sic*] at allowed rate [of] $60.50 for widow claimant.

"On 7-2-84 award to each child, Keith Endlich and Tonya Collins will be adjusted to $60.25 per week."

Annabelle Hamm, as guardian for Tonya Collins, filed a timely appeal to the Dayton Regional Board of the reapportionment order and the order was affirmed by the regional board. On April 4, 1983, the Industrial Commission denied the appeal of the guardian.

On July 18, 1983, Annabelle Hamm, as guardian for Tonya Collins, filed a complaint for a writ of mandamus with this court to modify the order of the Industrial Commission to allow for the reapportionment of the death benefits to the two remaining claimants as of the date of the remarriage of the widow-claimant. Relator asserts that the Industrial Commission has refused to reapportion the award which was previously granted the widow so as to

immediately start payment of the reapportioned amount to the minor dependents instead of offsetting the two-year allowance from the dependent children's award. Relator contends that the orders of the district hearing officer, regional board and Industrial Commission constitute an abuse of discretion, that she has exhausted her administrative remedies and that she has no adequate remedy at law.

Respondents, the Industrial Commission, Raymond A. Connor, Administrator of the Bureau of Workers' Compensation, and the David J. Joseph Company, answered and admitted the salient facts pled in the complaint. They denied, however, that the orders of the district hearing officer, regional board or the Industrial Commission were arbitrary, unlawful or were an abuse of discretion. Respondents contend that the Industrial Commission properly refused to reapportion the widow's award, as the award is not to be reapportioned until two years after the widow's remarriage.

Relator contends that this mandamus matter concerning the interpretation of R.C. 4123.59(B)(1) is a case of first impression. That section of the law provides:

"The payment as provided in this section shall continue from the date of death of an injured or disabled employee until the death or remarriage of such dependent spouse. *If the dependent spouse remarries, an amount equal to two years of compensation benefits at the weekly amount determined to be applicable to and being paid to the dependent spouse shall be paid in a lump sum to such spouse and no further compensation shall be paid to such spouse.*" (Emphasis added.)

The district hearing officer allowed a two-year "dowery [*sic*]" of $60.50 per week to the widow because of her remarriage. The amount paid the widow is to be paid immediately as a lump sum

award. Relator contends that it is, in effect, a "buyout" of any right of the widow to receive benefits over the remainder of the widow's life. Remarriage is the event which triggers the buyout provision of the statute.

Relator contends that while the lump sum award is defined as an amount *equal to* two years of compensation benefits, it does not mean that two years of compensation benefits are being paid the widow. Relator contends that the latter is the interpretation placed on the statute by the Industrial Commission.

Relator contends that the legislative history of R.C. 4123.59(B)(1) plainly demonstrates that, once the widow has been paid her buyout, lump-sum award, the remaining award must be reapportioned as of the date of the remarriage, rather than deferring the reapportionment for two years after the remarriage.

The present language of R.C. 4123.59(B)(1) originated as H. B. No. 417 in the House of Representatives. H. B. No. 417 read originally, as relevant herein, as follows:

"The payment as provided in this section shall continue from the date of death of an injured or disabled employee until the *DEATH OR REMARRIAGE OF SUCH dependent SPOUSE. IF THE DEPENDENT SPOUSE REMARRIES, TWO YEARS['] BENEFITS SHALL BE PAID IN A LUMP SUM TO THE WIDOW OR WIDOWER.*" (Emphasis added.)

H. B. No. 417 was amended as Am. Sub. H. B. No. 417 and enacted into law as the present R.C. 4123.59(B)(1). (See 135 Ohio Laws, Part I, 1690, 1707-1708.) The original legislation referred to the widow receiving "two years['] benefits," whereas the present statute indicates "an amount equal to two years of compensation benefits" shall be paid in a lump sum to the spouse upon her remarriage.

Relator contends that the present

legislation clarifies that the lump sum payment to the dependent spouse is not to be awarded as two years of compensation, but as a "buyout." She contends that if the present language does not mean something different than the original House Bill, then there was no need for the amendment. Relator contends that nowhere in the legislation is there stated an intention that the lump-sum settlement or "dowry" is to be paid out over a two-year period, or is to be paid in lieu of two years of death claim benefits. Relator contends that there is no provision in R.C. 4123.59(B)(1) reducing the remaining death claim benefits by any lump-sum payment to the remarried spouse.

Respondents contend that relator's construction of R.C. 4123.59(B)(1) assumes the widow has some unidentified statutory right to receive a share of the death claim award for the duration of her life, even after she remarries. Such assumption, respondents contend, is untenable given a clear reading of R.C. 4123.59(B)(1). They submit that the statute provides for a simple "advancement" to the widow, upon remarriage, of an amount of compensation equal to two years of her share of the single death claim award. This two-year "advancement" is given to the widow, they contend, in one lump sum as opposed to being paid in installments over the two-year period. Accordingly, since the total death claim is being diminished by this advancement to her, the remaining dependents are not entitled to absorb her proportionate share of the single award until the two-year period has expired.

Although the respondents contend the statute is clear as to when the reapportionment of the death claim must occur, a predecessor of the present Administrator of the Bureau of Workers' Compensation sought an opinion from Attorney General William J. Brown as to the meaning of R.C. 4123.59(B)(1)

soon after the statute's enactment. In Opinion No. 74-019, at page 2-87, the Attorney General stated in pertinent part:

"(3) Although, under R.C. 4123.59 (B)(1), a dependent spouse's portion of the award ceases upon death or remarriage, the statute also provides that, upon remarriage, she shall be paid a lump sum 'equal to two years of compensation benefits at the weekly amount * * * being paid to the dependent spouse * * *.' You ask when the Commission should reapportion that part of the sixty-six and two-thirds per cent formerly paid to the widow.

"Since the statutory award is fixed at sixty-six and two-thirds of the decedent's average weekly wage, *the effect of this part of the amendment is to continue the widow's share for two years after her remarriage but to pay the full amount in one lump sum.* The reapportioned payments should, therefore, be started two years after the date of the remarriage." (Emphasis added.)

Respondents also contend that this court must give deference to the Industrial Commission's long-standing interpretation of this provision of the statute, citing 50 Ohio Jurisprudence 2d (1961) 253, Statutes, Section 268. "In interpreting a statute, it is a well-settled rule that a resort may, under proper circumstances, be had to the construction given thereto by those charged with its execution and application, especially where it has long prevailed. * * *" *Id.,* citing *State, ex rel. Brower,* v. *Graves* (1913), 89 Ohio St. 24. See, also, *Biechele* v. *Sandusky* (1974), 46 Ohio App. 2d 4, 7 [75 O.O.2d 15]. "* * * The construction placed upon a statute by executive departments or bureaus is not only persuasive, but is entitled to great * * * weight, and is not to be disregarded or set aside unless judicial construction makes it imperative to do so. * * *" 50 Ohio Jurisprudence 2d, *supra,* at page 254, citing *Miami Conservancy Dist.* v. *Bucher* (1949), 87 Ohio App. 390 [43

O.O. 114]. See, also, *E.I. du Pont de Nemours & Co.* v. *Collins* (1977), 432 U.S. 46, 54-55.

"'* * * [W]here administrative officers have followed a fixed rule for a long period of time the courts will, in the interest of stability, follow such rule if the language to be construed is reasonably susceptible of that construction.'" *State, ex rel. Minnich,* v. *Crabill* (App. 1936), 22 Ohio Law Abs. 646, at 648. Lack of enforcement, coupled with testimony of administrative officers that, in their opinion, the statute was not intended to prohibit a certain act, affords a basis for "'* * * an inference supporting a finding so construing the legislative intent, especially when such administrative interpretation is long continued and the Legislature has not seen fit to change such interpretation in the passage of amendments to the statute.'" *Wadsworth* v. *Dambach* (1954), 99 Ohio App. 269, 279-280 [59 O.O. 47]. If the law clearly contradicts the prevailing administrative practices, and, if such practices are clearly contradictory to the spirit and purposes of the law, the court must reject them entirely. *Anderson Bros. Ford* v. *Valencia* (1981), 452 U.S. 205, 219.

R.C. 1.49 provides:

"If a statute is ambiguous, the court, in determining the intention of the legislature, may consider among other matters:

"(A) The object sought to be attained;

"(B) The circumstances under which the statute was enacted;

"(C) The legislative history;

"(D) The common law or former statutory provisions, including laws upon the same or similar subjects;

"(E) The consequences of a particular construction;

"(F) The administrative construction of the statute."

The opinions of the Attorney General of the state of Ohio, "'* * * who passes upon the interpretation of questioned statutes, may be, and are frequently, considered by the courts, which generally accord them due respect. However, such opinions are entitled to only such consideration as the reasons given for the opinion warrant. They are not binding upon the court[s].'" 50 Ohio Jurisprudence 2d (1961) 256, Statutes, Section 269, citing *Whitely* v. *Arbogast* (1907), 6 Ohio N.P.(N.S.) 313, 317, affirmed (1907), 9 Ohio C.C.(N.S.) 584 and in 79 Ohio St. 429.

The Industrial Commission apparently adopted the opinion of the Attorney General and has since 1974 treated the lump sum award as an "advancement" of death claim benefits. This litigation is apparently the first challenge to the Industrial Commission's interpretation of R.C. 4123.59 (B)(1). Relator has presented no evidence that the legislature has taken umbrage with the manner in which the statute has been interpreted by the Industrial Commission in the interim ten-year period.

To be weighed against these considerations, is the fact that the Workers' Compensation Act is to be liberally construed in favor of employees and the dependents of the deceased employee. R.C. 4123.95. "Although there is no specific provision for reapportionment in the statute, the mandatory nature of the provisions relating to calculation of award and determination of dependency at the time of death leads to the conclusion that the gross amount is to be reapportioned among the remaining dependents when there is an elimination of a dependent. The new and changed conditions, necessary to invoke the continuing jurisdiction under R.C. 4123.52, arise when a change in dependency occurs which causes the previous apportionment to no longer be valid. * * *'" *State, ex rel. Columbus and Southern,* v. *Indus. Comm.* (1979), 65 Ohio App. 2d 83, 88 [19 O.O.3d 85].

Mrs. Endlich was eliminated as a dependent of her deceased husband when she remarried. At that point, the death benefit was required to be reapportioned among the other dependents of the deceased. The statute does not provide that the widow remains a dependent for two years after remarriage. The intent of the Workers' Compensation Act is to provide benefits for dependents of those employees disabled or killed in the course of their employment. The fact that the legislature chose to provide a "dowry" to the widow upon her remarriage should not prevent the immediate reapportionment of the death benefit award to the remaining dependents. Accordingly, we believe the relator has established a clear legal right to the relief she seeks on behalf of the minor child.

Accordingly, the Industrial Commission shall modify its previous order to allow for reapportionment of the death benefits of Kenneth Endlich to the two remaining claimants as of the date of the remarriage of the widow-claimant.

*Writ allowed.*

McCORMAC, P.J., and NORRIS, J. concur.

BROGAN, J., of the Second Appellate District, sitting by assignment in the Tenth Appellate District.