Weygandt, C. J.
 

 In each case the trial court based its judgment upon the view that it was without jurisdiction by reason of the provisions of the legislative enactment now appearing in Sections 687 to 687-24, General Code (115 Ohio Laws, 3), which became effective February 27, 1933. It should be noted that the first action was filed previously on January 24, 1933, and the second was instituted subsequently thereto on
 
 *314
 
 March 30, 1933. Thereafter on April 27, 1933, the Superintendent of Building and Loan Associations of the state of Ohio took possession of all assets and property of the defendant Mutual Building & Investment Company for the purpose of liquidation.
 

 The plaintiffs contend that the provisions of this act do not limit the jurisdiction of the Court of Common Pleas, do not provide an exclusive remedy, do not divest the Court of Common Pleas of jurisdiction over pending actions, and are unconstitutional if otherwise construed.
 

 The particular language about which much of this controversy centers reads as follows:
 

 “Sec. 687-3. Immediately upon the posting of notice on the door or doors of a building and loan association by the superintendent of building and loan associations, as provided in section 687-1 of the General Code, the possession of all assets and property of such building and loan association of every kind and nature, wheresoever situated, shall be deemed to be transferred from such association to, and assumed by the superintendent of building and loan associations; and such posting shall of itself, and without the execution or delivery of any instruments of conveyance, assignment, transfer, or endorsement, vest the title to all such assets and property in the superintendent of building and loan associations. The time of posting stated in such notice shall be prima facie evidence of the time of posting. Such posting shall also operate as a bar to any attachment, garnishment, execution or other legal proceedings against such building and loan association, or its assets and property, or its liabilities. * * *”
 

 “Sec. 687-6. If the superintendent of building and loan associations doubts the justice or validity of any claim, he may reject the same in whole or in part, or reject any claim of security, preference or priority, or off-set, and shall serve written notice of such re
 
 *315
 
 jection upon the claimant, either personally or by registered mail. A certificate of such rejection and certificate of notice filed in the office of the superintendent shall be prima facie evidence of such rejection and notice.
 

 “Any person, partnership, corporation, or association who shall deem himself or itself aggrieved by the rejection of his or its claim in whole or in part, or the rejection of any claim of security, preference or priority, or off-set, by the superintendent, shall bring an action against the superintendent of building and loan associations and such association, within three months after such rejection or refusal of allowance, or be forever barred from asserting the same.
 

 “Sec. 687-7. Objection to any claim not rejected by the superintendent of building and loan associations may be made by any party interested by filing a copy of such objection with the superintendent, who shall present the same to the court of common pleas in which the liquidation proceedings are pending, upon written notice to the claimant and to the party filing the same, setting forth the time and place of presentation. The court, on or after the day fixed in such notice, shall hear the objection raised to such claim, or refer the determination of such objection to a referee for report.”
 

 “Sec. [687-24]. This act shall apply to all actions pending at the effective date of this act, and no court in which any action is then pending shall grant any remedy or relief or make any order therein which is prohibited by, or inconsistent with this act. * * * ”
 

 Extended discussion of these sections is unnecessary in view of the pronouncements of this court in the eases of
 
 State, ex rel. Bettman, Atty. Genl.,
 
 v.
 
 Court
 
 of
 
 Common Pleas,
 
 124 Ohio St., 269, 178 N. E., 258;
 
 Warner, Supt.,
 
 v.
 
 Mutual Building & Investment Co.,
 
 128 Ohio St., 37, 190 N. E., 143, and
 
 State, ex rel.
 
 
 *316
 

 Powers,
 
 v.
 
 Capital Endowment Co.,
 
 129 Ohio St., 654, 196 N. E., 643.
 

 In the two paragraphs of the syllabus in the
 
 Bettman case
 
 the following language was used with reference to the act as it then read:
 

 “1. The legislature, recognizing the glossi-public character of building and loan associations, has enacted laws not only providing for their inspection, supervision and control but also prescribing the method of their dissolution and the liquidation of their assets, and has conferred upon the Superintendent of Building and Loan Associations, the authority essential to accomplish that result expeditiously and economically.
 

 “2.
 
 The method prescribed by the legislature for the regulation, supervision and control of the affairs of building and loan associations and the method of procedure prescribed for their dissolution and liquidation conserve and secure an equitable distribution of the assets of such company to those entitled thereto; it is specific, adequate, complete and exclusive; and action of a court of common pleas in contravention thereof will be restrained by a writ of prohibition.”
 

 In the
 
 Warner case
 
 paragraph four of the syllabus states that Section 687-2, General Code, of the present act is not in contravention of the Constitution of the state of Ohio.
 

 The
 
 per curiam
 
 opinion in the
 
 Powers case
 
 cites the
 
 Bettman
 
 and
 
 Warner cases,
 
 and holds that by the enactment of these sections the state has exercised its power to preempt the field for the dissolution of savings and loan companies and the liquidation of their assets.
 

 In the decision in the
 
 Bettman case
 
 this court in holding that the act then limited the jurisdiction of the Court of Common Pleas and provided an exclusive remedy, was mindful of the fact that although that tribunal is a creature of the Constitution, its
 
 *317
 
 jurisdiction is nevertheless statutory and may be broadened or narrowed as the legislature may provide.
 

 Furthermore the unambiguous language of the act makes its provisions applicable to pending actions. This is entirely proper inasmuch as the act is purely remedial and procedural rather than substantive in its nature. Parties have no vested right in a particular mode of procedure, and therefore such statutes are not violative of the constitutional inhibitions against retroactive laws.
 
 Rairden and Burnet
 
 v.
 
 Holden, Admr.,
 
 15 Ohio St., 207. Neither do they impinge upon the provisions of the Federal or State Constitution relating to due process, equal protection and impairment of contractual obligations.
 

 Since this discussion has been limited to the single decisive question of jurisdiction, no opinion is expressed as to the substantive rights of the parties.
 

 It is apparent that in the first case the judgments of the lower courts must be affirmed, and in the second case the judgment of the Court of Appeals must be reversed and that of the Court of Common Pleas affirmed.
 

 Judgment affirmed in cause No. 25377.
 

 Judgment of the Court of Appeals reversed and that of the Court of Common Pleas affirmed in cause No. 25455.
 

 Stephenson, Williams, Jones, Matthias, Day and Zimmerman, JJ., concur.