Williams, J.
 

 Plaintiff in error, Minnie M. Toot, contends that the judgment of the Court of Appeals should be reversed on the authority of
 
 State, ex rel. Bettman, Atty. Genl.,
 
 v.
 
 Court of Common Pleas of Franklin County,
 
 124 Ohio St., 269, 178 N. E., 258, 78 A. L. R., 1079, and insists that the controlling principle involved here is stated in the second paragraph of the syllabus which reads as follows:
 

 “The method prescribed by the legislature for the regulation, supervision and control of the affairs of building and loan associations and the method of procedure prescribed for their dissolution and liquidation conserve and secure an equitable distribution of the assets of such company to those entitled thereto; it is specific, adequate, complete and exclusive; and action of a court of common pleas in contravention thereof will be restrained by a writ of prohibition.”
 

 It must be observed, however, that in that case the superintendent of building and loan associations (referred to in the then statutes as inspector) was asserting his authority to the exclusive right to institute proper proceedings against building and loan associations found to be unsound, under the authority of Sections 686 and 687, General Code (as then in force).
 
 *80
 
 An examination of the facts in that case discloses that a creditor on behalf of herself and others was seeking, by an action in the Court of Common Pleas, to obtain an accounting and the appointment of a receiver for a building and loan association. The superintendent of building and loan associations was made a party to the action and resisted the appointment of the receiver. Before such an appointment was made by the Court of Common Pleas the state, on relation of the Attorney General, brought an original action in prohibition in this court and the writ was allowed.
 

 The instant case is of a different kind in that a subscriber to the stock seeks to avoid liability on her contract of stock subscription because the action is brought by a receiver and not by the superintendent of building and loan associations.
 

 It appears that in
 
 State, ex rel. Bettman, Atty. Genl.,
 
 v.
 
 Court of Common Pleas of Franklin County, supra,
 
 the door was left open in a situation such as that presented here. The following language is found in the opinion at page 282:
 

 “What rights would arise on behalf of a depositor, or others, in the event of failure of the superintendent of building and loan associations or of the attorney general to promptly, fully and faithfully perform their duties with respect to such institutions need not be discussed at this time, for no such question is presented in this case.”
 

 Since that decision Section 686, General Code, has been repealed and Section 687, General Code, amended (both effective February 27, 1933) to read as follows:
 

 “If upon examination, the superintendent of building and loan associations finds that the affairs of a domestic building and loan association are in an unsound or unsafe condition, or that it is conducting its business in whole or in substantial part contrary to law, or failing to comply therewith, or that its affairs are not being conducted for the best interests of its
 
 *81
 
 depositors, shareholders or creditors, he may, with the written approval of the director of commerce, forthwith take possession of the business and property of such building and loan association.”
 

 In addition, Sections 687-19 and 687-24, General Code, have been enacted.
 

 Section 687-19, General Code, reads as follows: “No receiver shall be appointed by any court, nor shall any deed of assignment for the benefit of creditors be filed in any court for or by any domestic building and loan association.” (Effective February 27, 1933.)
 

 Section [687-24], General Code, reads as follows: ‘ ‘ This act shall apply to all actions pending at the effective date of this act, and no court in which any action is then pending shall grant any remedy or relief or make any order therein which is prohibited by, or inconsistent with this act. But this act shall not apply to building and loan associations incorporated under the laws of this state in voluntary liquidation at the time of the passage of this act, under Section 8623-79 and succeeding section of the General Code, except that the directors of such dissolved corporation shall have, without application to and approval of the court of common pleas, all of the powers conferred upon the superintendent of building and loan associations, as defined in section 687-9 of the General Code, as well as all of the powers conferred upon the superintendent of building and loan associations, as defined in section 687-10 of the General Code, in addition to the powers conferred under section 8623-82 of the General Code; and section 687-19 of this act shall apply to building and loan associations in voluntary liquidation at the time of its passage under section 8623-79 and succeeding section of the General Code.” (Effective February 27, 1933.)
 

 Counsel for plaintiff in error contend that these
 
 *82
 
 legislative changes remove all donbt as to the soundness of their contentions.
 

 The briefs of counsel refer to many facts outside the record and challenge our attention by the assertion that the receiver was appointed in 1928. This court, however, is confined to the allegations in the petition in determining its sufficiency. In each cause of action there is the averment that the plaintiff George E. Beach was duly appointed by the Common Pleas Court of Cuyahoga County and qualified and is now acting as receiver of the Service Savings & Loan Company, and in addition there are the usual and essential allegations in an action on a stock subscription showing, under the liberal construction required by the code of civil procedure, the contract of subscription and breach thereof. The facts alleged in each are sufficient to constitute a cause of action, provided the action may be maintained by the receiver.
 

 There is no allegation in the petition that shows when the receiver was appointed; but perhaps that is not a matter of great moment in the present inquiry. Regardless of the time of the appointment the receiver is now in control of whatever assets there are, and is acting as such under the order of the court appointing him.
 

 The maxim
 
 “omnia rite esse acta praesumuntur”
 
 applies and every presumption will be indulged in favor of the validity of the appointment. Under the petition the order may have been made before the law restricted the power of appointment in such cases; therefore by presumption the order of appointment will be deemed valid.
 

 However, in our judgment this decision may be placed on broader grounds. The provisions of the General Code (Sections 687 to 687-24, known as the Eickenberry Act) are
 
 in pari materia
 
 and must be construed together. The Court of Common Pleas, as
 
 *83
 
 a court of general jurisdiction, has power to appoint a receiver under Section 11894, General Code, except as restricted by other statutes. Sections 687-19 and 687-24, General Code, must be strictly construed so as not to oust the Court of Common Pleas of its general jurisdiction except in so far as is necessary to carry out the purpose of the Eickenberry Act.
 

 This court, however, is confronted with
 
 Slocum
 
 v.
 
 Mutual Building & Investment Co.,
 
 130 Ohio St., 312, 199 N. E., 175. At first blush that case would seem to be analogous. On mature reflection one is convinced that it can be distinguished. The superintendent of building and loan associations was a party and resisted plaintiff’s action by raising the question of jurisdiction. Therefore the court could not appoint a receiver without depriving that state officer of his official prerogatives; but it does not follow that a receivership of that kind cannot exist. It does exist in the instant case and the General Assembly has recognized that it can by the enactment of Section 9660-4, General Code, effective June 29, 1934. The receiver here is in authority and acting and cannot recuse himself on the ground of illegal appointment so as to be relieved of responsibility for property committed to his care. For the time being he is the only vehicle for the conservation of the assets, and for such he must answer to the court. He has no recourse, but must continue to fulfill his functions until relieved in manner provided by law.
 

 With the holding otherwise a chaotic condition would develop. It was stated in the argument that there are about twelve building and loan associations in this state that are being liquidated by receivers and the superintendent of building and loan associations has made no attempt to assert his rights as an official and take them over for liquidation. Where the superintendent of building and loan associations fails to
 
 *84
 
 act until after the receiver is appointed and takes possession of the assets, the court appointing him certainly has power to require such officer of the court to hold, manage, and account for the assets until such time as the superintendent of building and loan association moves. So long as the receiver acts in that capacity with acquiescence on the part of the superintendent of building and loan associations, the receiver, as an officer of the court, has full power to do all things necessary to protect the rights of those persons interested in such assets, including the right to maintain an action to collect debts owing the building and loan association at the time of the appointment of the receiver.
 

 The defendant was therefore without right to question the authority of the receiver to bring the action.
 

 Sections 687-21, 687-24 and 8623-79
 
 et seq.,
 
 General Code, have been cited in the briefs, but in view of the allegations of the petition this court is of the opinion that these sections have no vital importance in the solution of the question presented.
 

 For the reasons given the judgment of the Court of Appeals will be affirmed.
 

 Judgment
 
 affirmed.
 

 Weygandt, C. J., Stephenson, Jones, Matthias, Day and Zimmerman, JJ., concur.