## CARSON v BEALL et

Ohio Appeals, 1st Dist, Hamilton Co

No 5177. Decided March 8, 1937

Ireton & Schoenle, Cincinnati, for appellant.

Shook, Davies, Hoover & Beall, Cincinnati, and T. J. Duffy, Columbus, for appellees.

A. L. Limbach, New Philadelphia, for Ohio State Bar Association.

## OPINION

By HAMILTON, J.

This action was commenced in the Court of Common Pleas as an action for a de-

claratory judgment, asking that the court pass upon the validity of a contract between plaintiff and defendant, and to declare the mutual rights and obligations of the parties under the contract. The trial court declared the contract void under authority of **Adkins v Staker et, 130 Oh St 198.** The contract was as follows:

"I hereby employ Augustus Beall, Jr., Attorney at Law, to represent me in the prosecution of my claim before the Industrial Commission of Ohio, and I agree to pay said attorney a reasonable fee for legal and other services required to be performed or furnished in the preparation and prosecution of the claim in a sum not to exceed a sum equal to twenty per cent of the compensation awarded to me, for his services before the Industrial Commission upon the original hearing, upon rehearing, and after the procuring of any judgment before the court, and also in the event of an appeal to the Common Pleas Court such sums as the Common Pleas Court may allow, under the provisions of §1465-90 GC, for legal services, in the event of an appeal to said court. I further agree to reimburse said attorney for any expenses incurred in the presentation of my claim.

(Signed) WILLIAM J. CARSON
(Signed) AUGUSTUS BEALL, Jr."

It is claimed that attorney's fees cannot be the subject of a contract, for the reason that the allowance of such fees is exclusively provided for under the provisions of §1465-90, GC, giving the Common Pleas Court the right to fix fees.

That a party may contract for the services of an attorney does not admit of argument, and any contract entered into, unless in contravention of law, is valid.

If the allowances of attorney's fees in cases, such as the one under consideration, is limited to the provisions of §1465-90, GC, then any contract with reference to fees for services before the commission will be void. We are of opinion, however, that the attorney's fees, provided for in §1465-90, GC, do not cover the services rendered before the commission in the preliminary proceedings.

The pertinent part of §1465-90, GC, is:

"The cost of any legal proceedings, authorized by this section, including an attorney's fee to the claimant's attorney to be fixed by the trial judge, shall be taxed against the unsuccessful party; * * *"

The amount follows.

Does this language limit the allowance of fees for all services before the commission to this part of the section referred to? The language quoted follows the language providing for an appeal upon the disallowance of the claim by the Commission. The legal proceedings referred to could only mean the proceedings upon the appeal to the Court of Common Pleas from the action of the Commission. The language is "The cost of any legal proceedings, authorized by this section." Nowhere in the Workmen's Compensation Law is there any mention of costs, or are there any costs assessable. The only costs mentioned in the law are those provided for upon the appeal to the Court of Common Pleas from the commission. Therefore, when it is provided that the costs shall include—the attorney's fees to be fixed by the trial court, it could only have reference to the costs incurred in the appeal to the Common Pleas Court.

The contract in question provides that the attorney's fees shall be in accordance with this provision of the statute. It would therefore not be illegal, since it conforms entirely to this provision of the statute. Any other construction of the statute would lead to the result that if the same counsel who represented the claimant before the commission, in the preliminary hearing, represented the claimant at the trial in the Court of Common Pleas, that the fees allowed on the appeal should cover the services rendered before the commission. Counsel who represented the claimant in the hearing before the commission may not be the same counsel as represented claimant at the trial on the appeal. If the only allowance that could be made in case the matter was tried on appeal before the Common Pleas Court, was that fixed by the trial court, then there could be allowance to an attorney for services rendered before the commission, in the preliminary hearing. The filing of the claim with the commission might result in an allowance and no appeal would be necessary. In which event counsel could not be awarded any fees for his services. We do not believe the legislature intended this construction, and our conclusion is borne out by the fact that the legislature provided for just such contingency in §1465-111, GC, wherein it is provided:

"The Industrial Commission shall have authority to inquire into the amounts of fees

charged employers or claimants by attorneys, * * * to make rules concerning the payment of fees, to protect parties against unfair fees, and to fix the amount of fees in the event of a controversy in respect thereto, * * *"

This section certainly contemplates the employment of counsel and payment for services rendered by counsel.

As to this part of the contract providing for services before the commission, it is provided: * * * I agree to pay said attorney a reasonable fee for legal and other services required to be performed or furnished in the preparation and prosecution of the claim in a sum not to exceed a sum equal to twenty per cent of the compensation awarded to me, for his services before the Industrial Commission * * *" This provision of the contract limits the fees to a reasonable fee, and the further limitation bears only upon the attorney, and limits his claim to the sum equal to 20% of the compensation awarded. It will be noted that the contract does not provide for a share of the compensation recovered. It mentions 20% thereof as a basis. Beyond this sum an attorney may not go in claiming a reasonable fee.

Of course the contract must be considered in the light of §1465-111 GC, which gives the commission the right to supervise and pass upon the reasonableness of the fee. We see nothing in this provision of the contract in conflict with the law. In fact it but places a limit on the attorney, beyond which he may not go in claiming a reasonable fee.

In the Adkins case, supra, the contract provided for a share in the amount recovered, and, an unconscionable share at that.

The provisions of the contract in question which mention a reasonable fee for the services rendered before the commission acquiesces in the provision of sub-section 111 of the workmen's compensation law, for the commission would have authority to pass upon the reasonableness of the fee, if less than 20% was unreasonable. The commission could approve a fee not to exceed 20% of the amount recovered, or it could approve a lesser fee. In other words, the contract says the attorney shall receive a reasonable fee, subject to the approval of the commission, but in no event to exceed a sum equal to 20% of the award. The provisions of the statute are to protect the claimant as well as the employer against excessive fee charges. The con-

tract under consideration protects the claimant as fully as the law itself, and the contract is in conformity with the provisions of the statute regarding the same.

The confusion giving rise to this action undoubtedly grows out of the claim that the only allowance for attorney's fees can be had under the provision of §1465-90, GC, which we have discussed and found not to be the limit of compensation.

Our conclusion is that the contract is a valid one, does not contravene the statute, and the trial court erred in holding the contract invalid.

Judgment will be entered in this court in accordance with this decision.

ROSS, PJ, and MATTHEWS, J, concur.