Per Curiam.

This court is of the opinion that the judgment of the Court of Appeals should be affirmed for the reasons stated in the following opinion by Judge Fess of that court, which fully sets forth the facts of the case.
“This is an original action in mandamus for an order to compel the respondent to proceed to hear and determine relator’s claim for compensation pursuant to the statutory provisions .relating thereto in effect prior to October 5, 1955. The operative facts alleged in the petition are admitted in the answer. The issues of law raised are, therefore, to be determined upon the pleadings.
“Relator’s claim was filed on August 10, 1954, and disallowed on January 4, 1955, rehearing was granted, and testimony was taken thereon May 26, 1955, and continued. On September 7,1955, relator filed a motion with respondent for assignment of his claim for further hearings on rehearing pursuant to the law then in force. On September 8, 1955, the respondent found that it had authority under existing law to grant such hearings as requested, but that there was insufficient time to permit the claimant to complete his case, and for the commission to hear and determine it, prior to October 5, 1955, the date upon which Sections 4123.512 to 4123.519, inclusive, Revised Code, were to become effective, and wherein no provision is made to retain facilities required to complete the rehearing proceedings. In denying claimant’s motion, the commission ordered that his claim shall, on and after October 5, 1955, be deemed to be pending before the commission on appeal as provided for by the new sections.[1]
‘ ‘ Relator’s claim was a pending proceeding within the purview of Section 1.20, Revised Code. This section merely pre *601 scribes a rule of construction. Tbe eleventh paragraph of Section 4123.519, Revised Code, provides that all claims pending determination by the commission on the effective date of the new act and all claims filed thereafter shall be governed by the provisions of the new act.[2]
“There is, therefore, no conflict between Section 1.20, Revised Code, and the provisions of the new act. In specific terms, the Legislature has said that the new act shall apply to certain pending proceedings before the commission, which would include relator’s claim.
“I.
“In support of his position, relator first contends that the powers of the Administrator of the Bureau of Workmen’s Compensation, created by the new act, are violative of Section 35, Article II of the Constitution of Ohio (hereinafter referred to as ‘11-35’).
“The new act is entitled, ‘To create the Bureau of Workmen’s Compensation, to define the powers of the administrator thereof, to increase compensation to injured workmen * * V Since the relator’s claim is deemed to be a pending claim before the commission, the administrator will have no judicial, quasi-judicial or administrative function to perform incident to the determination of relator’s pending claim before the commission. Therefore, the constitutionality of the act, with respect to the powers of the administrator and with respect to the instant claim, is not presented. However, the relator asserts that, as an unconstitutional officer, the administrator has no right to be a party to claimant’s appeal.[3]
*602 “The new act establishes a Bureau of Workmen’s Compensation, to be administered by an administrator appointed by the Governor for a term of six years. Section 4121.12, Revised Code.[4]
“A review of Section 4121.121, Revised Code, discloses that, in the main, administrative functions are granted the administrator. As disclosed in paragraph (A) of Section 4121.121, Revised Code, some duplication of the authority and power of the commission is granted to the administrator, which may provoke conflict between him and the commission (as illustrated, occasionally, between the administrator of the Bureau of Unemployment Compensation and the Board of Review), but with the wisdom of the legislation we are not concerned. 10 Ohio Jurisprudence (2d), 205, 326, Sections 126 and 249; State, ex rel. Bishop, v. Board of Edn. of Mt. Orab Village School Dist., 139 Ohio St., 427, 438, 40 N. E. (2d), 913.
“Is the establishment of the office of administrator in violation of ‘11-35’? The first sentence of that section provides:
“ ‘For the purpose of providing compensation to workmen and their dependents, for death, injuries or occupational disease, occasioned in the course of such workmen’s employment, laws may be passed establishing a state fund to be created by compulsory contribution thereto by employers, and administered *603 by the state, determining the terms and conditions upon which payment shall be made therefrom.’
“This is a broad grant of power to establish and to administer the fund without limitation, and laws could be passed providing for the administration of the fund by a board, commission, state official, commissioner or administrator. The third sentence of ‘11-35’ provides:
“ ‘Laws may be passed establishing a hoard which may be empowered to classify all occupations, according to their degree of hazard, to fix rates of contribution to such fund according to such classification, and to collect, administer and distribute such fund, and to determine all rights of claimants thereto.’
“Although certain provisions of ‘11-35’ are to be regarded as self-executing, such as the provision with respect to violation of a specific requirement, it is apparent that the powers granted in the first and third sentences are to be implemented by act of the General Assembly. Such powers are permissive (State, ex rel. Lourin, v. Industrial Commission, 138 Ohio St., 618, 622, 37 N. E. [2d], 595), not mandatory, and, on their face, are not self-executing. True, the people, in adopting the amendment, contemplated that the powers thus granted would he exercised by a board or commission, but they did not so provide in mandatory terms. Furthermore, the amendment did not exhaust the police power of the state so as to prevent the Legislature from creating regional boards of claims. State, ex rel. DeTorio, v. Industrial Commission, 135 Ohio St., 214, 216, 20 N. E. (2d), 248.
“It should be borne in mind that, in contrast to the federal Constitution, which is a delegation of powers, the Ohio Constitution is a limitation of powers. An act of Congress is invalid unless the Constitution authorizes it, but the General Assembly may enact any law which is not prohibited by the Constitution. Angell v. City of Toledo, 153 Ohio St., 179, 181, 91 N. E. (2d), 250. A legislative act is presumed in law to be within the constitutional power of the body making it, whether that body he a municipal or a state legislative body. City of Xenia v. Schmidt, 101 Ohio St., 437, 130 N. E., 24. It has been repeatedly held in Ohio that a clear incompatibility between a law and the Constitution must exist before the judiciary is justified in hold *604 ing the law unconstitutional. The repugnancy between the statute and the Constitution must be incapable of a fair reconciliation. 10 Ohio Jurisprudence (2d), 248, 253, Sections 168 and 172.
“In our opinion, the relator has failed to overcome the presumption of constitutionality, and we conclude that the establishment of the bureau and the authorities and powers conferred upon the administrator, by the new law, are not in contravention of Section 35 of Article II of the Ohio Constitution.
“It is also to be observed that the relator (except with respect to the intervention of the administrator as a party, hereinafter discussed) is in no way affected by the exercise of power and authority conferred by the act upon the administrator, and, therefore, no clear right to relief on that ground is disclosed.
“II.
“Relator’s second contention is that Section 4123.519, Revised Code, violates the provisions of Section 28, Article II of the Constitution (hereinafter referred to as ‘11-28’), Section 1.20, Revised Code, and the Constitution of the United States. For the reasons stated under I, relator’s contention with respect to Section 1.20, Revised Code, is not well taken.
“ ‘11-28’ provides a limitation that the General Assembly shall have no power to pass retroactive laws. Relator concedes that the limitation applies only to substanive rights and does not apply if remedial matters are involved. Numerous eases hold that retroactive laws refer to those which create and define substantial rights, and which either give rise to or take away the right to sue or to defend actions at law. Smith v. New York Central Rd. Co., 122 Ohio St., 45, 48, 170 N. E., 637. Upon principle, every statute which takes away or impairs vested rights, acquired under existing laws, or which creates a new obligation, imposes a new duty, or attaches a new disability in respect to past transactions or considerations must be deemed retrospective. Story, J., in Society v. Wheeler, 2 Gal., 139; Rairden v. Holden, Admr., 15 Ohio St., 207, 210; Bartol v. Eckert, 50 Ohio St., 31, 33 N. E., 294; Safford, Supt., v. Metropolitan Life Ins. Co., 119 Ohio St., 332, 164 N. E., 351; Smith v. New York Centred Rd. Co., supra; Beckman v. State, 122 Ohio St., *605 443, 450, 172 N. E., 145, 5 N. E. (2d), 482; Slocum v. Mutual Building & Investment Co., 130 Ohio St., 312, 317, 199 N. E., 175; State, ex rel. Crotty, v. Zangerle, Aud., 133 Ohio St., 532, 535, 14 N. E. (2d), 932; Weil, Admx., v. Taxicabs of Cincinnati, Inc., 139 Ohio St., 198, 39 N. E. (2d), 148. Although ‘11-28’ has application to laws disturbing accrued substantive rights, it has no application to laws of a remedial nature providing rules of practice, courses of procedure, or methods of review. State, ex rel. Slaughter, v. Industrial Commission, 132 Ohio St., 537, 9 N. E. (2d), 505; Lash, Admx., v. Mann, 141 Ohio St., 577, 582, 583, 49 N. E. (2d), 689.
“In support of his contention, relator asserts that Section 4123.519, Revised Code, is retroactive legislation in the following respects:
“ ‘1. Imposes upon the claimant new obligations, duties and disabilities, by the addition of two new adverse parties in his appeal, namely, the Administrator of the Bureau of Workmen’s Compensation and the employer.
“ ‘2. The addition of new grounds for disallowing the claimant’s claim.
“ ‘3. The denial of a decision of finality upon an allowance of his claim.
“ ‘4. Depriving claimant of a right to final judgment on appeal to the Common Pleas Court.
“ ‘5. Deprives the claimant of compensation benefits in force at the time he filed his claim. ’
“In none of the respects asserted are relator’s vested or substantial rights impaired. Claimant has a vested right, if he establishes it, to compensation from the fund. The manner in which it is to be established is procedural in character. Cf. Lash, Admx., v. Mann, supra.
“The Legislature has complete control over the remedies afforded to parties in the courts of Ohio, and it is a fundamental principle of law that an individual may not acquire a vested right in a remedy or any part of it, that is, there is no light in a particular remedy. 10 Ohio Jurisprudence (2d), 616, Section 564. A party has no vested right in the forms of administering justice that precludes the Legislature from altering or modifying them and better adapting them to effect their end *606 and objects. 10 Ohio Jurisprudence (2d), 616, Section 564 (citing Hays v. Armstrong, 7 Ohio, 248: Trustees of Greene Twp. v. Campbell, 16 Ohio St., 11; Templeton v. Kraner, 24 Ohio St., 554; and Gager, Treas., v. Prout, 48 Ohio St., 89, 26 N. E., 1013). Thus, the Supreme Court has held that a statute granting a right of appeal or review to the Court of Common Pleas from an order of the Industrial Commission is remedial and may be given retroactive operation. State, ex rel. Slaughter, v. Industrial Commission, supra.[5]
“With respect to relator’s assertion that he is denied a decision of finality upon allowance of his claim, the Supreme Court has held, in construing Section 1465-86, General Code (Section 4123.52, Revised Code), that the continuing jurisdiction of the commission applies only to new and changed conditions occurring after an original award. State, ex rel. Griffey, v. Industrial Commission, 125 Ohio St., 27, 180 N. E., 376; State v. Ohio Stove Co., 154 Ohio St., 27, 93 N. E. (2d), 291. The Supreme Court has also held that an award by the court is subject to Section 1465-86, General Code, in respect to the continuing jurisdiction of the commission, and also in respect to such modification and change as, in the opinion of the commission, may be justified. Clendenen v. Industrial Commission, 140 Ohio St., 414, 45 N. E. (2d), 108; State, ex rel. S. S. Kresge Co., v. Industrial Commission, 157 Ohio St., 62, 104 N. E. (2d), 450.
“In support of his contention that he is deprived of compensation benefits in force at the time he filed his claim, relator asserts that he is now deprived of the statutory attorney fee *607 jirovided for by former Section 4123.51, Revised Code. That section provided that the coat of any legal proceeding authorized by the section, including an attorney fee to claimant’s attorney to be fixed by the trial judge, should be taxed against the unsuccessful party. This provision related only to proceedings in the Common Pleas Court and did not cover any services rendered before the commission. Carson v. Beall. 55 Ohio App., 245, 9 N. E. (2d), 729. The provision with respect to attorney fees is eliminated in the new act.[6]
“In the instant case, the relator had a contingent and inchoate right under Section 4123.51, Revised Code, to have an attorney fee allowed — contingent upon the rejection of his claim and the establishment of his right to participate in the fund upon appeal to the Common Pleas Court. Only when the judgment of the court became final and was certified to the commission did the claimant have a vested right to the award of attorney fees as a part of the costs. State, ex rel. Gordon, v. Industrial Commission, 129 Ohio St., 212, 194 N. E., 418. Cf. Gulf Refining Co. v. Evatt, Tax Commr., 148 Ohio St., 228, 238, 74 N. E. (2d), 351, distinguishing State, ex rel. Struble, v. Davis et al., Tax Comm., 132 Ohio St., 555, 9 N. E. (2d), 684. A right, not absolute but dependent upon the action or inaction of another, is not basic ©r vested, and deprivation thereof does not constitute a deprivation of property. Hatch, Exrx., v. Tipton, 131 Ohio St., 364, 2 N. E. (2d), 875. The general rule in Ohio is that, in the absence of statutory provision making attorney fees a part of the costs, such fees can not be so taxed. 14 Ohio Jurisprudence (2d), 31, Section 35. The subject of costs is one entirely of statutory allowance and control. A statute relating to costs is remedial and may operate retroactively. Flory, Admr., v. Cripps, 132 Ohio St., 487, 491, 9 N. E. (2d), 500.
*608 “III.
“Mandamus is an extraordinary legal remedy, the essential purpose of which is to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station, and before the writ may properly issue the relator’s right to the relief sought must be clear. Upon the record in the instant case, the respondent has performed its duty, specially enjoined by law, in ordering that relator’s claim be deemed a pending proceeding before it for determination under the new law. But relator contends that the new law is unconstitutional and, therefore, respondent is specially enjoined by the law in effect prior to October 5, 1955, to proceed to hear and determine his claim thereunder. The right of relator to question, by mandamus, the constitutionality of the statute is recognized in Ohio. 25 Ohio Jurisprudence, 985, Section 13. We conclude, however, that Section 4121.12 et seq., Revised Code, effective October 5, 1955, are not violative of the provisions of Section 35, Article II of the Constitution of Ohio, and that Section 4123.519, Revised Code, effective October 5, 1955, is remedial in character and is not retroactive legislation within the meaning and intent of Section 28, Article II of the Constitution of Ohio.
“Relator having failed to show a clear right to relief, the writ must be denied.”- • - •
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Matthias, Hart, Zimmerman, Stewart-, Bell and Taet, JJ., concur.

“‘This action was in compliance with the specific terms of paragraph 12 of Section 4123.519, Revised Code. The new act contemplates an appeal by the claimant or the employer from the administrator to the commission. It is to be noted that the preliminary determination by the administrator is obviated in the instant case by the provision that the claim shall be deemed pending on appeal on October 5, 1955. Under the new act, as under the old act, an appeal may be taken by the claimant to the Common Pleas Court from the order of the commission, but, under the new act, such an appeal may also be taken by the employer; and the administrator, as well as the commission upon application, are made parties to the appeal.”

“The last paragraph of the section provides that an action pending in the Common Pleas Court on a petition under Section 4123.51, Revised Code, filed prior to the effective date of the new act, and a claim which has been denied upon rehearing within 60 days prior to such effective date shall not be affected by the repeal of Section 4123.51, Revised Code.”

“‘With respect to such pending claim, the record of any evidence theretofore adduced shall be considered by the commission without resubmission, together with any other evidence which may be presented upon the hearing. Paragraph 12 of Section 4123.519, Revised Code. Before making or denying an award in the appeal of a disputed claim, a regional board of review or the commission, as the case may be, shall afford the claimant, the employer and the administrator an opportunity to be heard upon notice and to present evidence. Section 4123.518, Revised Code. In such administrative appeal, the administrator presumably is no more an adverse party than the commission.”

"‘The administrator is made responsible for the discharge of all administrative duties imposed upon the Industrial Commission under Chapter 4123 of the Revised Code and is authorized and empowered to do all acts and to exercise all authorities and powers, discretionary or otherwise, which are required of or vested in the commission under such chapter, except such power and authority as is vested in the commission by Section 4121.13, Revised Code. Such grant to the administrator of powers vested in the commission does not divest the commission of the right to exercise its powers in the discharge of its own responsibilities. Any authority or power vested in the commission or the administrator may be exercised by either to the extent necessary to effect the discharge of their respective responsibilities. Páragraph (A) of Section 4121.121, Revised Code. Paragraphs (B) to (K) of Section 4121.121, Revised Code, impose manifold and extensive administrative duties upon the administrator, which presumably were formerly exercised by the commission. The acts of the administrator and of a regional board of review are acts of the commission, unless modified or set aside under the provisions of Chapter 4123, Revised Code. With respect to the allowance or rejection of claims, such action is subject to review on appeal to the commission.”

“There is no right to appeal from a decision of a statutory board or a judgment of a legally constituted court, except as provided by statute. Lindblom v. Board of Tax Appeals, 151 Ohio St., 250, 85 N. E. (2d), 376; A. DiCillo & Sons, Inc., v. Chester Zoning Board of Appeals, 158 Ohio St., 302, 109 N. E. (2d), 8; Corn v. Board of Liquor Control, 160 Ohio St., 9, 113 N. E. (2d), 360; Miller v. Bureau of Unemployment Compensation, 160 Ohio St., 561, 117 N. E. (2d), 427; In re Mahoning Valley Sanitary Dist., 161 Ohio St., 259, 119 N. E. (2d), 61. Any retroactive remedial statute may result in imposing additional burdens upon a party without affecting his vested rights. The matter of joinder of parties relates to the remedy, does not affect any substantive rights of the parties, but merely relates to how, when and in what company such rights shall be determined. Gibson, Treas., v. Miller, 7 C. C. (N. S.), 96.”

“‘From 1913 until 1921, provision was made for the taxing of costs, including ‘a reasonable attorney fee,’ to be fixed by the court, against the unsuccessful party. 103 Ohio Laws, 72, 88; 107 Ohio Laws, 157, 162; 108 Ohio Laws, Pt. 1, 313, 324. It was not until 1921, after the trial de novo of an appeal from the disallowance of a claim was limited to the rehearing transcript, that the limitation as to the amount was inserted. 109 Ohio Laws, 291, 296. In fixing the amount of an attorney fee to be taxed as costs, the court exercised its discretion within the limitation as to the amount.”