ROBERTS DEVELOPMENT CORPORATION, APPELLANT, *v.* HARRIS, SUPT., APPELLEE; HOME STATE SAVINGS ASSOCIATION.

(No. C-860358—Decided May 6, 1987.)

Daniel F. Ryan, for appellant.

Porter, Wright, Morris & Arthur, Joanne M. Schreiner and John C. Hartranft, for appellee Connie J. Harris, Superintendent.

Per Curiam. This appeal arises from the morass caused by the failure of Home State Savings Association ("Home State"). In early 1985, the Ohio Superintendent of Building and Loan Associations ("superintendent"), appellee, took possession of Home State through a conservator because of its insolvency. It became national news that Home State's insolvency created a panic and investors began a "run" on all state-insured savings institutions.

On May 21, 1985, Am. Sub. H.B. No. 492 (the "Act") was passed by the General Assembly and signed by the Governor. That same day, appellant, Roberts Development Corporation ("Roberts"), filed a proof of claim in the liquidation proceeding with the superintendent pursuant to R.C. 1157.02. The claim was rejected by the superintendent, and notification was received by Roberts on June 3, 1985.

The Act amended R.C. 1157.07, inter alia, to allow the superintendent to declare an emergency and shorten the period from three months to ten days in which a complaint could be filed contesting the superintendent's rejection of a claim.[1] An emergency was declared and Roberts failed to file within the ten-day period. On August 22, 1985, Roberts filed the instant complaint challenging the rejection. An amended complaint was filed challenging the constitutionality of the Act. The court below upheld the validity of the Act and granted the superintendent's motion to dismiss. Civ. R. 12 (B)(6).

Roberts timely appealed the dismissal of its complaint and assigns four errors. The first and second assignments both challenge the constitutionality of the Act under different provisions of the Ohio Constitution. Neither

---

[1] As amended, R.C. 1157.07 states:

"If the superintendent of building and loan associations doubts the justice or validity of any claim against an association of whose business and property he has taken possession under section 1157.01 of the Revised Code, he may reject any claim of security, preference, priority, or offset against such association, and shall serve written notice of such rejection upon the claimant, either personally or by registered mail. A certificate of such rejection and a certificate of notice filed in the office of the superintendent shall be prima-facie evidence of such rejection and notice.

"Any party deeming himself aggrieved by any such rejection shall bring an action against the superintendent and such association within three months after such rejection or be forever barred from asserting the rejected claim or claim of security, preference, priority, or offset; provided, that if the superintendent determines that an emergency exists requiring the expeditious liquidation of an insolvent depository institution, as such term is defined in section 1155.42 of the Revised Code, or of a depository guaranty association established under former sections 1151.80 to 1151.92 of the Revised Code in order to protect the interests of depositors of a savings and loan association, any such action shall be brought within ten days after such rejection or be forever barred, and the plaintiff shall post such bond as the court considers appropriate in the circumstances."

of these assignments makes a challenge under the United States Constitution.

The first assignment claims the Act contains more than one subject in violation of Section 15(D), Article II, Ohio Constitution. Roberts contends the Act violates the one-subject rule because provisions are included which relate to the acquisition of depository institutions, provide for expedited liquidation of insolvent institutions, and allow the superintendent to modify the time limitation for filing a complaint against the superintendent for rejecting a claim against an insolvent institution.

The one-subject rule is directory in nature and not mandatory, which means it is within the discretion of the courts to rely upon the judgment of the General Assembly as to an Act's compliance with the rule, unless there is a manifestly gross and fraudulent violation. *State, ex rel. Dix,* v. *Celeste* (1984), 11 Ohio St. 3d 141, 11 OBR 436, 464 N.E. 2d 153, syllabus. Every presumption in favor of the Act's validity must be indulged, *Hoover* v. *Bd. of Franklin Cty. Commrs.* (1985), 19 Ohio St. 3d 1, 19 OBR 1, 482 N.E. 2d 575, and we find that Home State's failure and the resulting panic gave the General Assembly rational and practical reasons for revising the entire legislative scheme involving these depository institutions. *State, ex rel. Dix,* v. *Celeste, supra.* There is no manifestly gross or fraudulent violation of the one-subject rule, and we overrule the first assignment of error.

Similarly, the claim that the Act violates Section 1c, Article II of the Ohio Constitution is meritless. That section requires a ninety-day waiting period before a bill becomes effective. However, this Act contained an appropriation provision, which became effective immediately pursuant to Section 1d, Article II of the Ohio Constitution.

Further, where an appropriation provision is included with other provisions the entire Act becomes immediately effective. *State, ex rel. Riffe,* v. *Brown* (1977), 51 Ohio St. 2d 149, 5 O.O. 3d 125, 365 N.E. 2d 876. The second assignment of error is overruled.

The third assignment of error claims the ten-day period to contest the superintendent's rejection of a claim deprived Roberts of due process of law. The first argument in support of this contention is that new "statutes of limitations" which apply to existing causes of action must afford a reasonable time in which a pending suit may be brought. That proposition is true where the new statute totally obliterates an existing substantive right. *Baird* v. *Loeffler* (1982), 69 Ohio St. 2d 533, 23 O.O. 3d 458, 433 N.E. 2d 194, overruled on other grounds, *Mominee* v. *Scherbarth* (1986), 28 Ohio St. 3d 270, 28 OBR 346, 503 N.E. 2d 717. Here the filing period was shortened, but there was no retroactive application which eliminated a pending suit.

The second contention is that the ten-day period was not a reasonable time for the commencement of an action and a violation of due process. *Terry* v. *Anderson* (1877), 95 U.S. 628. Roberts argues that the totality of the circumstances in this case did not allow it a reasonable time in which to enforce its rights. We disagree.

The bill became effective on May 21, 1985, including the provision which allowed the superintendent to declare an emergency and shorten the time period to contest the rejection of a claim. Roberts received notification that its claim was rejected and that the superintendent had declared an emergency on June 3, 1985. Prior to the revision, the statute contained no language regarding the declaration of an emergency. Thus, Roberts was chargeable with some form of notice. Additionally, the shortened period

114

began to run only after the rejection of the claim by the superintendent. Roberts was already represented by counsel and had filed a claim so no new investigation would have been required to file suit, and in effect all that was necessary was the filing of a form complaint. Thus, no real burden was imposed by shortening the time period for challenging the superintendent's rejection. The third assignment is overruled.

In the fourth and final assignment of error Roberts claims compliance with the filing requirement of R.C. 1157.07 because it had a pending action in the United States District Court for the Southern District of Ohio and the superintendent had intervened in the suit. This contention is meritless.

First, Roberts failed to allege it filed "* * * an action *against* the superintendent * * *." (Emphasis added.) Merely because the superintendent was, in some manner, a party to another suit does not meet the statutory mandate of filing an action against the superintendent to contest the claim. The superintendent would not be aware of a challenge to a rejected claim unless an action stating that fact was filed. Second, in *Slocum v. Mutual Building & Investment Co.* (1935), 130 Ohio St. 312, 199 N.E. 175, the Ohio Supreme Court held that the existence of a pending complaint did not excuse a claimant from complying with the statutory requirements of the predecessor statute to R.C. 1157. 07 because the statutory remedy is exclusive. The fourth assignment is overruled.

The judgment of the court below is affirmed.

*Judgment affirmed.*

SHANNON, P.J., BLACK and HILDEBRANDT, JJ., concur.