EVANS et al., Appellants,

v.

VALLEYWOOD SAVINGS ASSOCIATION et al., Appellees.

[Cite as *Evans v. Valleywood Savings Assn.* (1990), 69 Ohio App.3d 75.]

Court of Appeals of Ohio,
Hamilton County.

No. C–890393.

Decided Aug. 8, 1990.

*Earl, Warburton, Adams & Davis* and *Ted L. Earl; Dickie, McCamey & Chilcote, P.C., David J. Armstrong, George E. McGrann* and *Judith F. Olson,* for appellants.

*Porter, Wright, Morris & Arthur, Mark E. Elsener* and *John C. Hartranft,* for appellees.

*Per Curiam.*

On June 12, 1986, defendant-appellee Connie J. Harris, Superintendent of Savings and Loan Associations ("Superintendent"), took possession of the business and property of defendant-appellee Valleywood Savings Association ("Valleywood"), an insolvent savings and loan association, pursuant to R.C. Chapter 1157. The Superintendent filed a notice in the Hamilton County Court of Common Pleas, calling upon all of Valleywood's claimants and creditors to submit proofs of claim against the Valleywood liquidation estate for determination.

In July 1987, the Superintendent filed a separate lawsuit, seeking damages against plaintiffs-appellants Thomas A. Evans and Aubrey W. Gladstone, among others, and alleging, *inter alia,* breach of fiduciary duties in the management of Valleywood and negligent mismanagement. Appellants filed an answer and counterclaim.

On December 3, 1987, appellants filed proofs of claim against the Valleywood liquidation estate, seeking in excess of $20,000,000 and alleging that the Superintendent (1) breached fiduciary duties to Valleywood's shareholders, (2) negligently and recklessly mismanaged Valleywood, (3) made fraudulent conveyances, (4) intentionally interfered with appellants' business and contractual relationships, and (5) engaged in a civil conspiracy against appellants. Apparently, the allegations contained in the proofs of claim were identical to those in the counterclaim filed in the prior lawsuit.

Appellants' proofs of claim were rejected on September 7, 1988. Appellants filed the within complaint contesting the rejection of their proofs of claim on December 13, 1988. Appellees moved to dismiss the complaint for failure to state a claim on which relief could be granted, arguing that appellants were barred from contesting the rejection of their proofs of claim because they failed to file the complaint contesting the rejection within three months of the rejection of their proofs of claim, as required by R.C. 1157.07.[1] The trial court granted appellees' motion dismissing appellants' complaint. Appellants timely appealed.

Appellants' sole assignment of error alleges the trial court erred in granting appellees' motion to dismiss the complaint.

By the enactment of G.C. 687 to 687–24, the predecessor statutes of R.C. Chapter 1157, Ohio exercised its power to preempt the field in providing a specific, adequate, exclusive and constitutional method for the possession and liquidation of savings and loan associations. *Slocum v. Mut. Bldg. & Investment Co.* (1935), 130 Ohio St. 312, 4 O.O. 350, 199 N.E. 175; *Hunter Savings Assn. v. Jurgensen* (Aug. 31, 1988), Hamilton App. No. C–870724, unreported, 1988 WL 90262. We held in *Hunter Savings, supra,* that an action against the Superintendent to contest the rejection of a claim presented under R.C. Chapter 1157 was barred by R.C. 1157.07 because the complaint to contest the rejection was not filed within ten days after the rejection, once the Superintendent had declared an emergency.

In *Roberts Dev. Corp. v. Harris* (1987), 36 Ohio App.3d 111, 521 N.E.2d 517, the Superintendent had taken possession of Home State Savings Association because of its insolvency. An emergency was declared and, pursuant to R.C. 1157.07, the time to file a complaint contesting the rejection of a claim was

---

1. R.C. 1157.07 provides:

"If the superintendent of building and loan associations doubts the justice or validity of any claim against an association of whose business and property he has taken possession under section 1157.01 of the Revised Code, he may reject such claim in whole or in part, or may reject any claim of security, preference, priority, or offset against such association, and shall serve written notice of such rejection upon the claimant, either personally or by registered mail. A certificate of such rejection and a certificate of notice filed in the office of the superintendent shall be prima-facie evidence of such rejection and notice.

"*Any party deeming himself aggrieved by any such rejection shall bring an action against the superintendent and such association within three months after such rejection or be forever barred from asserting the rejected claim* or claim of security, preference, priority, or offset; provided, that if the superintendent determines that an emergency exists requiring the expeditious liquidation of an insolvent depository institution, as such term is defined in section 1155.42 of the Revised Code, or of a depository guaranty association established under former sections 1151.80 to 1151.92 of the Revised Code in order to protect the interests of depositors of a savings and loan association, any such action shall be brought within ten days after such rejection or be forever barred, and the plaintiff shall post such bond as the court considers appropriate in the circumstances." (Emphasis added.)

shortened to ten days. Roberts failed to file its complaint to contest rejection within ten days of the rejection of its proof of claim. Roberts argued that it had complied with the filing requirement of R.C. 1157.07 because it had an action pending in the United States District Court for the Southern District of Ohio and the Superintendent had intervened in that suit. We held, citing *Slocum, supra*, that the existence of the pending claim did not excuse Roberts from complying with the statutory requirements of R.C. 1157.07 because the statutory remedy is exclusive.

Appellants argue that the case *sub judice* is distinguishable from *Roberts* because Roberts filed its complaint contesting the rejection of its claim two and a half months beyond the filing period, while appellants filed their complaint only six days beyond the filing period. Further, appellants argue that the Superintendent was fully aware of appellants' claims because appellants had filed a counterclaim directly against the Superintendent in the lawsuit pending in the Hamilton County Court of Common Pleas, the same court in which the Superintendent had filed the notice of Valleywood's liquidation, while the *Roberts* claim was pending before the federal court in a suit in which the Superintendent had merely intervened.

The counterclaim asserted by appellants in the other lawsuit is separate and distinct from an action to contest the rejection of appellants' proofs of claim. We hold that the filing of the counterclaim against the Superintendent in the other lawsuit was insufficient to meet the statutory mandate of filing a complaint to contest the rejection of a claim within three months of the rejection pursuant to R.C. 1157.07, because the statutory remedy is exclusive. See *Slocum, supra; Roberts, supra; Hunter Savings, supra*. Appellants' assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

UTZ, P.J., DOAN and GORMAN, JJ., concur.